## Michael Marsh

### *vs.*

## Isaac Webber.

In many cases the granting of a new trial is a matter resting in the sound, legal discretion of the Court; and where it appears that for any cause substantial justice has not been done, a new trial should ordinarily be granted.

While our statute allows an appeal from an order granting a new trial, yet, as in every other case, the burden is on the appellant to show error, and Courts of review cannot safely interfere, unless in cases of manifest error. Whether a complaint can properly be drawn with a view to a recovery, either for false warranty of personal property, or for deceit in the sale of the same property, as the evidence may establish the one or the other cause of action, *Quere.* But even if this is error, the objection is too late after judgment.

Representations made by the vendor, on such sale, for the purpose of inducing the vendee to purchase, and which did induce him to purchase, amount to a warranty.

If a person, knowing sheep to be infected with a contagious distemper, sells them to another, concealing the disease, he is guilty of a fraud, which makes him responsible for the damages.

This action was brought in the District Court for Dakota County. The complaint alleges, substantially, that plaintiff purchased of defendant 432 sheep for $1,275; that the defendant, to induce plaintiff to buy said sheep, at said price, falsely and fraudulently represented to the plaintiff that the sheep "were all sound and right, and free from any disease ";

that defendant, relying upon these false and fraudulent representations, and believing them to be true, purchased the sheep, paid said sum to plaintiff therefor, and defendant delivered the sheep; that the sheep at the time of said sale, and when such representations were made, were not sound and free from disease, but were diseased with a contagious disease, which made them of little value; that defendant had full knowledge of this at the time, and that plaintiff had no notice or knowledge thereof. It alleges special damages, arising from the communication of the disease to plaintiff's other sheep, and demands judgment for $1,500. Issue was joined and the cause tried before a jury, who found a verdict for plaintiff for $1,112. The defendant moved for a new trial, which was granted by the Court, but on what ground the paper-book does not disclose. The plaintiff appeals from the order granting a new trial to this Court. No questions, as to the rulings of the Court upon the reception or rejection of testimony, are raised by counsel. The charge of the Court below, and the refusal to charge, so far as they are considered by the Court, appear in the opinion.

SMITH & GILMAN for Appellant.

CLAGETT & CROSBY for Respondent.

*By the Court*—WILSON, Ch. J.—This complaint seems to have been drawn, with a view to a recovery, either for a false warranty or deceit, as the evidence might seem to establish the one or the other cause of action. If this is not allowable, as the defendant claims, his remedy was by motion to strike out or to make the complaint more definite; or, perhaps, when the case was called for trial, to compel the plaintiff to elect on which cause of action he would proceed. We are inclined to think, without at this time deciding the question,

that this form of pleading is objectionable, but the objection comes too late after judgment. Some evidence was offered tending to establish the one, and some the other cause of action. It is agreed in the " case " that the Court, on the request of the plaintiff, charged the jury—" If the defendant, without knowing whether said sheep were sound, or were diseased, represented to the plaintiff, to induce him to buy said sheep, that said sheep were sound or free from disease, and if the jury find that the plaintiff relied upon such representations, and believing the same, purchased, and further paid for said sheep, and some of them (of which plaintiff was ignorant) were infected with a contagious disease, it is not material whether said defendant did or did not know of such unsoundness."

And on request of the defendant charged, " That to enable the plaintiff to recover in this action, the jury must find, from the evidence in this case, that at the time of the sale and delivery of the sheep by Webber to Marsh, they were unsound, and the defendant knew them to be unsound at the time of sale ; that Marsh did not know it, and that Webber told Marsh that the sheep were sound."

We think it probable that there is some error in the "case" as to the charge of the Court, for the learned judge before whom the trial was conducted would at once have observed that these requests are inconsistent and contradictory. But we must take the " case " as settled.

A new trial having been allowed, the plaintiff appealed from the order of allowance. Was this error, is the question to be determined. It is well settled, that in many cases the granting of a new trial is a matter resting within the sound, legal discretion of the Court, and that it should ordinarily be granted, if, for any cause, it appears substantial justice has not been done. See 2 *G. & W. on New Trials*, 43-

50, *and cases cited.* Hosmer, Ch. J., in *White vs. Trinity Church*, (5 *Conn.*, 187,) says: "A petition for a new trial is an application to the sound discretion of the Court, and incapable of being reduced to the standard of fixed and certain rules. The granting or refusing it is also entirely in the breast of the Court: hence, the value of the matter in controversy; the nature of the right, whether it be equitable, or a vigorous exaction of extreme legal justice, hardly reconcilable to conscience; and of the evidence, whether it is nearly equal or strongly preponderates; and indeed, an infinite variety of considerations, which can never be brought to the test of strict rule, and which must be referred to the discretion of the judge, are the basis of determination."

While our statute allows an appeal from an order granting a new trial, as in every other case, the burden is on the appellant to show error. If error of law in some ruling or charge is complained of, the question can without difficulty be presented to a Court of review; but a new trial may be granted for reasons which, though manifest to the Court that tried the case, cannot be clearly presented to the appellate Court. The application, in such cases, is ordinarily, to a discretion which cannot be reviewed or overruled, unless clearly abused, and such abuse it may not be easy to establish. In this case it does not appear on what ground the new trial was granted, and therefore we cannot reverse, unless it appears that there is no ground on which the order appealed from can be sustained. This does not appear. After reading the complaint, the evidence and the charge, it is not very difficult to see that the jury may have failed to obtain an intelligent understanding as to the ground on which the plaintiff sought a recovery, or what facts would support a verdict in his favor. The evidence that would justify a verdict for false warranty would not establish deceit, and *vice versa ;* and the measure

of damage in the one case is not the same as in the other. The law, therefore, governing the rights of the parties in either aspect, should, as the pleadings stand, have been presented to the jury. It seems very probable, on a comparison of the verdict with the complaint, that the jury awarded the plaintiff such damages as he would only be entitled to if deceit in the sale was proven against him; yet the Court charged that the plaintiff might recover if he proved a breach of warranty. It also seems probable, from the case presented to us, that the jury may not have had an intelligent comprehension of the law governing the rights of the parties, and which it was necessary for them to apply to the facts in order to find a just verdict. Such considerations as these may have led the Court below to grant a new trial, and we cannot say that the ends of justice are not thus best answered. The exercise of the power to grant new trials by *nisi prius* Courts is often necessary for the purposes of justice, and Courts of review cannot safely interfere, unless in case of manifest error. There is no error *against* the defendant in the charge of the Court. The instruction asked by the plaintiff's counsel is correct. If the defendant's representations as to the soundness of the sheep were made for the purpose of inducing the plaintiff to purchase, *and did induce him to purchase*, they amount to a warranty. The first instruction asked by the defendant is irreconcilable with that given on request of plaintiff. It is correct if the recovery is on the ground of deceit, not otherwise; but if there is error, it is in the defendant's favor, and not a ground of complaint on his part, except so far as it may have confounded and misled the jury as to the law of the case. The second request asked by defendant was properly refused. It is in the following language: "If the seller knows of a defect in his property which the buyer does not know, and if he had known would not have bought

the goods, and the seller is silent, and only silent, that is not a fraud in law."

If the defendant, knowing his sheep to be infected with a contagious distemper, sold them to the plaintiff, concealing the disease, he was guilty of a fraud which made him responsible for the damage. *Jeffrey vs. Bigelow*, 13 *Wend.*, 518.

And further, we think the refusal of this instruction was not error, as it was not called for by the facts of the case. A suppression of the truth is not a ground of this action.