DANIEL MOOR

*vs.*

W. H. C. FOLSOM, Impleaded, &c.

After a promissory note became due, the maker and holder agreed that if the former would procure F. to endorse it, the latter would extend the time of payment about ten months. F. at the maker's request that he would endorse a note for him, but without any knowledge of said agreement, wrote his name on the back of the note, with the date of the signature. In consequence thereof, and relying thereon, the holder extended the time of payment about ten months. At the end of such time payment was demanded of the maker and refused, and notice given to F. *Held :* That the transaction was not equivalent to the taking up and re-issue of the note; that F. cannot be treated as a maker, because his signing was not at the time of making the note; nor at such time, nor

under such circumstances, as to have relation to the making; that he cannot be treated as a guarantor, because the contract of guaranty was not written out expressing the consideration. If considered an endorser, it was as of a note payable on demand, and he had a right to a demand and notice within a reasonable time, and he was discharged by the agreement made without his consent to forbear. The demand and notice were under the circumstances, *prima facie* not within a reasonable time.

F. cannot be held to pay the note.

This action was commenced in the District Court for Ramsey County, and was tried before the Court without a jury. The Court found as follows:

That on the 15th September, 1857, the defendant, Simeon P. Folsom, by the name of S. P. Folsom, at St. Paul, in said Ramsey County, made his certain promissory note in writing, dated on that day, whereby he promised to pay to the order of C. T. Whitney the sum of $1060, sixty days after the date thereof, without grace, for value received, with interest after maturity at the rate of five per cent. per month until paid, payable at Bidwell's Exchange Bank; that said Whitney afterwards, for value received, endorsed the said note, and the same was thereupon, for value received, delivered to one Benjamin F. Hoyt, by whom the same was for value received afterwards transferred and delivered to the plaintiff, who is and was at the commencement of this action the owner and holder thereof; that said Whitney afterwards, on the 13th day of November, 1857, for value received, by endorsement thereon guaranteed the payment of the said note, and waived demand and protest thereof: that payment of said note was duly demanded at maturity, and notice thereof duly given to said Whitney; that said note was not paid at the maturity thereof; that after the maturity of the note, and while the said Benjamin F. Hoyt was the owner

and holder thereof, it was mutually agreed by and between the said Hoyt and the said Simeon P. Folsom, that the said Hoyt would extend the payment of the said note until September, 1858, in consideration that he, said Simeon P. Folsom, would obtain the endorsement of the defendant, W. H. C. Folsom, upon said note, as security for the payment of the same; that afterwards, to-wit, on the 12th day of December, 1857, in pursuance of said agreement, the said Simeon P. Folsom did procure the said W. H. C. Folsom to write his name on the back of said note, and the said W. H. C. Folsom at the same time wrote the date of signing over his said signature; that said defendant W. H. C. Folsom, so wrote his name on the back of said note in pursuance of a request of said Simeon P. Folsom that he would endorse a note for him, and without any knowledge of the aforesaid agreement between the said Simeon P. Folsom and the said Benjamin F. Hoyt. That in consequence of said endorsement, and in reliance thereon, the payment of said note was extended by said Hoyt until September, 1858 ; and payment thereon afterwards, to wit, at the time last aforesaid, was demanded of the said Simeon P. Folsom, and was by him refused, of which the said W. H. C. Folsom then and there had notice ; that no part of the sum payable by the said note has been paid ; that there is now due upon said note the sum of one thousand and seven hundred and eighty-eight dollars for principal and interest.

Judgment was entered for the defendant, W. H. C. Folsom, and the plaintiff appeals therefrom to this Court.

L. M. STEWART for Appellant.

H. J. HORN for Respondent.

*By the Court.*—Gilfillan, Ch. J.—After a promissory note became due, the maker and holder agreed, that if the former would procure defendant to endorse it, the latter would extend the time of payment about ten months.

The defendant, at the request of the maker that he would endorse a note for him, but without any knowledge of said agreement, wrote his name on the back of the note, at the same time writing over his signature the date of his signing. In consequence thereof, and relying thereon, the holder extended the time of payment about ten months, whether by oral or written agreement, does not appear. At the end of the time payment was demanded from the maker and refused, and notice thereof given to defendant. If upon these facts defendant is liable, it is immaterial in what character, whether as maker, endorser or guarantor. At the time of his endorsing, the note was outstanding and past due. It is contended that the transaction is equivalent to the taking up and re-issuing of the note, that in law it became a new note. If so, as it was past due, and as it was not altered in respect to the time of payment expressed in it, it was in effect payable on demand, and the defendant, if treated as an endorser, would have the right to a demand and notice within a reasonable time. Whether they were within a reasonable time is not found. From the facts found, *prima facie* they were not. In such case too the endorser would be discharged by the agreement, made without his consent, for forbearance.

It is also argued that the endorsement by defendant, gave the maker or holder authority to alter the note so as to make it payable at a different time from that expressed in it, and that it is therefore analogous to those cases, where one makes or endorses a bill or note with blanks in it, and

delivers it to another to fill the blanks, and put it in circulation. If the endorsing by defendant were sufficient, under the circumstances, to authorize the maker or holder to alter the note, and make it payable at a different time, the case still differs from those cited, in this, that such alteration was not in fact made. No recovery was ever had on a note imperfect by reason of blanks, whatever authority there may have been to fill them. To make this analagous to those cases, (admitting the authority to alter,) the time of payment should have been altered in the note. An agreement between the maker and holder, independent of, and not inserted in, or made a part of the note, could not have the effect of an alteration, so as to make defendant liable as maker or endorser, beyond the legal effect of it, as it appears on its face. The note, however, cannot be considered as taken up and re-issued. It never ceased to be the property of the holder. The agreement to forbear, did not make it a new note. The case does not come within the class where one signing his name on the back of a note is held as a maker. In those cases the signature was given at the time of making the note, or in so short a time afterwards, and under such circumstances as to have relation to the making of the contract originally. *Oxford Bank vs. Haynes,* 8 *Mass.* 423.

The defendant cannot be held as maker or indorser. Can he be held as a guarantor ? In the case of an indorser, the mere signature is sufficient, the law imports the contract. It is otherwise with the guarantor. His contract being a collateral one, to answer for the debt of another, must, under the statute of frauds, be evidenced by note or memorandum in writing, expressing the consideration. The mere signature on the back of the note is not sufficient.

Where one endorses a note for the purpose of assuming

the liability of a guarantor, the act is held to authorize the holder to write over the signature the contract of guaranty in full, and that being done, it is a sufficient note or memorandum in writing to take the case out of the statute. *Beckwith vs. Angell*, 6 *Conn.*, 315 ; *Ulm vs. Kittridge*, 7 *Mass.*, 233 ; *Tenney vs. Prince*, 4 *Pick.*, 385 ; *Nelson vs. Dubois*, 13 *Johns*, 175 ; *Campbell vs. Butler*, 14 *ib.*, 349 ; *Tillman vs. Wheeler*, 17 *ib.*, 325.

But without the contract being so written out, there can be no recovery as on a contract of guaranty. As it was not done in this case, it is unnecessary to consider whether upon the principle of estoppel, or otherwise, the maker or holder had authority to do it.

The judgment below is affirmed.