## STATE OF MINNESOTA *vs.* HENRY S. BLISS.

### April 20, 1875.

Justice of Peace—Criminal Action—Transfer.—In a criminal action commenced before a justice of the peace, the defendant having filed an affidavit, and asked for a transfer of the case to another justice, the justice before whom the action was commenced transmitted to the other justice all the papers, and a certified copy of all the proceedings before him, in which, after stating the filing of the affidavit, and making of the application, is the entry, "prayer granted, and case transferred to J. M. Keeler, justice in and for said county, at Buffalo." *Held,* that although not expressly so stated, it sufficiently appears that the proceedings so certified were transcribed from docket entries, and that, no time being stated in the order of transfer for the parties to appear before the justice to whom the cause was transferred, the effect of it was to require them to appear before him forthwith.

Same—Affidavit for Continuance.—An affidavit to continue a cause for more than one day,—*Held* sufficient.

Same—Fees of Witnesses for State.—Witnesses for the state in a criminal case are entitled to fees for their attendance, and mileage, and they may be taxed in the costs.

**Same—Judgment on Appeal.**—An appeal properly perfected, in a criminal case, from a justice of the peace to the district court, upon questions of law alone, operates to supersede the judgment of the justice, and the district court may enter such judgment, on an affirmance, as the law of the case requires, and may affirm the judgment below as to that part which is regular, and disaffirm it as to such part as is erroneous.

**Justice of Peace need not Sign Judgment.**—It is not necessary that a justice of the peace should sign judgments entered by him.

Appeal by defendant from a judgment of the district court for Wright county, *Vanderburgh*, J., presiding.

The affidavit referred to in the opinion, on which an adjournment was granted by Justice Keeler, is thus stated in his docket: "J. F. Dilley, counsel for the prosecution, sworn, says that he asks for a continuance of this cause, on the ground that a material witness is absent, and cannot be had, and that the said witness has been duly subpœnaed, and appeared before the said Justice Kreis, and that Orrin Crossman was duly notified to appear before me, this justice, on September 13, 1873, at 3 o'clock, P. M., and that said Orrin Crossman told me that he would be present at said trial at Buffalo. Orrin Crossman also stated to me that Mr. Bliss undertook to push the complaining witness off the platform at the elevator at Monticello, in said county; that he, Bliss, came off second-best in the matter; he then got a rock, and struck him in the head; that the prosecution has no other witness, within his knowledge, by which he can prove these facts."

*W. E. Hale*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

GILFILLAN, C. J. This was a criminal action for assault and battery, commenced in Wright county, before Justice Kreis, who, on the defendant's application, transferred it to Justice Keeler, by whom defendant was found guilty, and fined $10, and costs, and judgment entered against him for the fine and costs, in which were taxed up fees to witnesses for the prosecution, and that in default of payment he should stand committed to the common jail of Hennepin county for the term of ninety days. Defendant, giving a recognizance

with sureties, took an appeal, upon the law alone, to the district court, where the judgment below was affirmed, and judgment entered against the defendant and his sureties for the fine, and the costs of both courts, but without the imprisonment part, and the cause is brought by appeal to this court.

Several errors are alleged: first, that Justice Keeler acquired no jurisdiction. Justice Kreis transmitted to him all the papers in the cause, and a copy of the proceedings before him, apparently transcribed from his docket, and duly certified. We think it is manifest, although it is not expressly stated, that the proceedings so copied were from entries in his docket. They are such matters as a justice is required to enter in his docket, and in the order in which they would be entered. After stating the filing of an affidavit by defendant, and prayer for a transfer, the entry states, "prayer granted, and case transferred to J. M. Keeler, justice of the peace in and for said county, at Buffalo." The order of transfer ought generally to state a time for the parties to appear before the justice to whom the cause is transferred; but as in this case the defendant was in custody of the officer who made the arrest, it was the duty of Justice Kreis to order the parties to appear before Justice Keeler forthwith, and such would be the effect of the order, where no time is stated in it. We think it was sufficient.

On the parties coming before Justice Keeler, the cause was by him, on the application and affidavit of the prosecuting attorney as to the absence of a material witness, continued for seven days. It is objected that, as the affidavit was insufficient, the adjourning the cause for more than one day operated as a discontinuance. We think, however, the affidavit was sufficient for a first adjournment.

Section 7, ch. 70, Gen. Stat., fixes the fees of witnesses, "for attending in any justice's court, or before any officer, person or board authorized to take the examination of witnesses, one dollar for each day," and the mileage; and by § 41, same chapter, "the attorney general or county

attorney in each county is authorized to issue subpœnas, and compel the attendance of witnesses on behalf of the state or county, without paying or tendering fees in advance.'' From this we conclude that witnesses on behalf of the state in criminal cases, are entitled to fees, and that it is proper to tax them in the costs.

It is further objected that the judgment of the justice was erroneous, because it adjudged the defendant, in default of paying the fine and costs, to stand committed for the absolute term of ninety days ; and that on the cause coming into the district court, that court could only affirm or reverse, but could not modify, or affirm in part and reverse in part, the judgment below.

Section 149, ch. 65, Gen. Stat., provides : '' The person charged with, and convicted by any such justice of any such offence, may appeal from the judgment of such justice to the district court, provided said person shall, within twenty-four hours, enter into a recognizance, with one or more sufficient sureties, conditioned to appear before said court, and abide the judgment of the court therein.''

Section 150 provides that the appeal may be upon questions of law alone, or of fact alone, or upon questions of law and fact. '' If upon questions of law alone, the cause shall be tried in the district court upon the return of the justice.'' If upon questions of fact alone, or upon questions of law and fact, it is to be tried as if originally commenced in that court. Sec. 151 : '' If convicted in the district court, or if sentenced for failing to prosecute his appeal, he may be required, as a part of his sentence, to pay the whole, or any part, of the costs of prosecution in both courts.''

Sec. 152 : '' If the appellant fails to enter and prosecute his appeal, he shall be defaulted on his recognizance, and the district court may award sentence against him for the offence whereof he was convicted, in like manner as if he had been convicted in that court.'' Sec. 153 : '' If the judgment of the justice is affirmed, or upon any trial in the

district court the defendant is convicted, and any fine assessed, judgment shall be rendered for such fine, and costs in both courts, against the defendant and his sureties.''

It appears from these provisions that an appeal, properly taken, operates as well where it is taken upon questions of law as upon questions of fact, or both, to supersede the judgment of the justice; and that upon the trial in the district court, whether upon questions of law or fact, or both, judgment must be entered in that court. And we think that the district court may, where the appeal is taken upon questions of law alone, as in other cases, render such judgment as, according to the law of the case, ought to be entered, and if the judgment of the justice is in part valid, and in part erroneous, may reject what is erroneous, and affirm as to the remainder. The district court having done so in this case, its judgment is regular.

It is objected that the judgment of the justice was not signed by him. The statute provides that the justice shall enter the judgment in his docket, but does not provide that the entry shall be signed by him. We think the judgment, when entered, is good without signing. It is very proper for a justice to sign a judgment entered by him, in order to facilitate the proof of the judgment; but it is not essential to its validity, as its authenticity may be shown by proof that the book in which it is entered, is the docket of the justice.

The judgment of the district court is affirmed.