## MARY FOX and others *vs.* EDWARD BURKE.

### June 1, 1882.

**New Trial—Properly Granted.**—Upon the case presented, *held*, that the trial court, in granting a new trial, did not exceed its discretion; following *Marsh* v. *Webber*, 13 Minn. 109, and *Rheiner* v. *Stillwater, etc., Ry. Co., ante,* p. 147.

Appeal by defendant from an order of the district court for Meeker county, *Brown,* J., presiding, granting a new trial.

*E. A. Campbell*, for appellant.

*Woods & Babcock*, for respondents.

DICKINSON, J. This action was brought to recover real property in the county of Meeker, of which one John Fitzgerald was seized at the time of his death. He died in said county in 1873, intestate. The plaintiffs claim to be the heirs-at-law of John Fitzgerald, and to have inherited the property from him. The defendant claims title by conveyance from one Charles Fitzgerald, executed in 1875; said Charles being, as is claimed, the son and only heir of John Fitzgerald. The issue presented in the action was as to the kinship to John Fitzgerald, and the consequent right of inheritance of these plaintiffs and of Charles Fitzgerald. The undisputed evidence shows the plaintiff Mary Fox to have been a sister of one John Fitzgerald, who resided in said county, and that the other plaintiffs are the children of a sister and brother (now deceased) of the same person. The identity of this

John Fitzgerald with the John Fitzgerald who died seized of the land in controversy is not admitted, but the evidence tending to prove that fact is such that, being unopposed by any evidence in the case, we treat the fact as established, for the purposes of this appeal. The jury found that Charles Fitzgerald was the legitimate son of John Fitzgerald, and hence returned a general verdict for the defendant. The court having set aside the verdict, and ordered a new trial, the defendant appealed.

On the part of the plaintiffs was presented upon the trial the testimony of a sister of the decedent, that of a sister-in-law, and of a third person who had known him since childhood, all of whom claim to have been well acquainted with his family relations. From this testimony it appeared that John Fitzgerald was twice married in England. By his first wife he had two children, both of whom died in infancy. By his second wife he had no children, and at the time of his death he had no children living. His parents were dead, his wife was dead, and these plaintiffs were his next of kin and heirs. None of these witnesses had ever known of the existence of Charles Fitzgerald, but the sister testified to the fact that the deceased did have an illegitimate son called Thomas, who went to Australia. The kinship of Charles Fitzgerald was supported by proof of the facts that John Fitzgerald, before his death, stated to various persons that he had a son in England; that he sent for Charles to come to this country, and expressed a purpose to leave his property to him; and, after Charles came here, he introduced him to others as his son, and spoke of him as such.

Such being the case, it is evident that the verdict is not supported by that clear preponderance of proof which should lead us to overrule the action of the court granting a new trial. On the contrary, as shown by the record, the weight of the evidence was, in our judgment, against the verdict; and from the record we can see that the trial court may have had substantial reason to fear that injustice had been done, and to consider that a retrial ought to be had. On the part of the plaintiff was evidence direct and positive, and such as may have been deemed satisfactory, that the decedent had no legitimate child surviving the age of infancy; on the part of the

defendant, the declarations and conduct. of the deceased in respect to a fact which might be true, and still the acknowledged son not be a legal heir. The fact would seem to be susceptible of direct and satisfactory proof by means of living witnesses, or by family or parish records. The case is clearly within the rules recognized by this court in *Rheiner* v. *Stillwater, etc., Ry. Co., ante,* p. 147, and *Marsh* v. *Webber,* 13 Minn. 109.

Order affirmed.