STATE OF MINNESOTA *vs.* WILLIAM McGINNIS.    (2d Case.)

December 8, 1882.

Intoxicating Liquor—Sale to Habitual Drunkard.—The statute forbidding the sale of intoxicating liquor to an habitual drunkard, applies not merely to those licensed to sell intoxicating liquor, but to "any person."

Same—One Offence Charged.—The statute prohibiting a sale *or* disposal of such liquors, a complaint alleging a sale *and* disposal charges but one offence.

Same—Description of Liquor in Complaint.—It is sufficient to allege a sale of "intoxicating liquors" merely, the statute dispensing with the necessity for proof of (and hence with the need of alleging) the name or kind of liquor sold.

Defendant, having been convicted before a justice of the peace of selling intoxicating liquors to an habitual drunkard, appealed, upon questions of law alone, to the district court for Rice county, where the judgment was affirmed by *Buckham,* J., and defendant appealed.

*J. B. & T. H. Quinn,* for appellant.

*W. J. Hahn,* Attorney General, for the State.

DICKINSON, J.    The complaint upon which defendant was prosecuted before a justice of the peace charged that the defendant did "sell and dispose of intoxicating liquors" to a person named, who is alleged to have then been an habitual drunkard.    These questions

are presented upon this appeal: (1) Does the complaint set forth more than one offence? (2) Is the complaint insufficient because it is not alleged that the defendant was a person licensed to sell intoxicating liquors? (3) Is the complaint defective in that it does not allege the kind of intoxicating liquor sold or disposed of? The prosecution is under a statute which makes it unlawful for "any person to sell, give, barter, furnish, or dispose of  *  *  *  any spirituous, vinous, malt, or fermented liquors  *  *  *  to any habitual drunkard." The next section provides: "In the matter of prosecution for any violation of any of the provisions of this chapter, it shall not be necessary to prove the name or kind of intoxicating liquors sold;  *  *  *  and the term 'intoxicating liquor,' wherever it occurs in this chapter, shall be understood to mean spirituous, vinous, malt, and fermented liquors." Laws 1877, *c.* 44, embraced in Gen. St. 1878, *c.* 16, §§ 10, 11.

1. The complaint charges but one offence. The statute prohibits the furnishing of any of the several kinds of intoxicating liquor named to an habitual drunkard. In such cases the accusation may employ conjunctively the terms which in the statute are used disjunctively, and which go to constitute one offence, and only one, whether, as one act, one or all of the several kinds of liquor were sold. 1 Bishop on Crim. Proc. §§ 436, 438, 586; *State* v. *Gray*, 29 Minn. 142; *State* v. *Bielby*, 21 Wis. 204.

2. The statute applies not merely to those licensed to sell liquor, but to "any person." It is immaterial, as concerning this charge, whether defendant was licensed to sell liquor or not. *State* v. *Mc-Ginnis, ante,* p. 48; *State* v. *Hyde*, 27 Minn. 153.

3. We come to consider the only question in the case upon which there can be any doubt. Is it enough to charge a sale of "intoxicating liquors?" The statute forbids in terms the sale or other disposition, to minors or drunkards, of "any spirituous, vinous, malt, or fermented liquors." In other parts of the chapter such liquors are referred to and designated simply as "intoxicating liquors," and such is the generic term by which they are designated in common speech. Not only does the statute thus use the words "intoxicating liquors" as a generic substitute for "spirituous, vinous, malt, and fermented

liquors," but it is expressly provided that, wherever the former term occurs in this chapter, it shall be understood to mean the latter. The statute which provides that it shall not be necessary to *prove* the name or kind of intoxicating liquors sold, by necessary implication, also, dispenses with the necessity for *alleging* the same. It cannot be necessary to plead what need not be proved under a plea of not guilty, which in effect is a denial of every material fact involved in the accusation. It was evidently the intention of the legislature to dispense with the necessity of proof (and hence of allegation) respecting the character of intoxicating liquor sold. This provision was made, probably, because of the frequent difficulty, and even impossibility, of proving such fact, where it was still clear that the law had been violated by the sale of some one of the prohibited kinds of intoxicating liquor. It was not, then, necessary to allege that the liquor sold was whisky, or gin, or wine, or malt beer, for these are "names," and the "names" need not be alleged. It was not necessary to charge that it was "spirituous," or "vinous," or "malt," or "fermented" liquor, for that would be to designate the "kind" of intoxicating liquor, which is unnecessary.

Our conclusion is that, under this statute of 1877, it is sufficient to allege a sale of "intoxicating liquor," and the complaint is sufficient. This conclusion, as being an interpretation of the statute in accordance with the intention of the legislature, is further justified by a provision in section 11 that "establishing the fact of one having drank what appeared to be intoxicating liquors on any premises shall be *prima facie* evidence that such liquor was intoxicating, and shall be taken as proof conclusive, unless defendant furnishes positive proof to the contrary."

The judgment is affirmed, and the cause remanded to the district court for further proceedings.