COMMONWEALTH *vs.* ELLEN BROKER.

Suffolk.     March 31, 1890. — April 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Intoxicating Liquors — Complaint — Certainty — Duplicity.*

A complaint by F. to a municipal court, after alleging in the usual form an unlawful sale of intoxicating liquors by the defendant on a certain day to a person named, proceeded, " And said F. . . . on oath complains .that said " defendant on the same day unlawfully sold such liquors to another person named. In the Superior Court the defendant for the first time filed a motion to quash the complaint for uncertainty and duplicity. *Held*, that the complaint set out two distinct sales with substantial accuracy, and that the motion was rightly overruled.

COMPLAINT to the Municipal Court of the city of Boston, made by David O. Felt of Boston, alleging that Ellen Broker of Boston, on November 17, 1889, at Boston, " unlawfully did sell intoxicating liquors to Joseph J. Wellbrock, the said Broker not having then and there any license, authority, or appointment according to law to make such sale, against the peace of said Commonwealth and contrary to the form of the statute in such case made and provided. And said Felt, of the city of Boston in the county of Suffolk, in behalf of the Commonwealth of Massachusetts, on oath complains that said Ellen Broker " at Boston, on November 17, 1889, " unlawfully did sell intoxicating liquors to Henry Lemke, the said Broker not having then and there any license, authority, or appointment according to law to make such sale, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

In the Superior Court, on appeal, the defendant for the first time filed a motion to quash the complaint, as follows:

"1. Because the complaint as a whole is indefinite, vague, and uncertain, as the complaint does not properly set forth two offences, and it does not appear whether the offence complained of is an unlawful sale to the alleged Wellbrock, or the sale to the alleged Lemke.

"2. If two counts are not properly set forth, then the pleading is alternative, and bad for duplicity."

*Blodgett,* J., overruled the motion ; and the defendant alleged exceptions.

*P. J. Casey,* for the defendant.

*A. J. Waterman,* Attorney General, *& H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

BY THE COURT. The complaint sets out with substantial accuracy two distinct sales of intoxicating liquors, and the motion to quash the complaint which was filed in the Superior Court was rightly overruled.        *Exceptions overruled.*