MARY LARSON v. AUGUST JOHNSON and Another.[1]

May 31, 1901.

Nos. 12,606—(124).

**Judgment in Replevin.**

In an action in replevin in justice court, where plaintiff recovers, but has not obtained possession of the property, judgment should be in the alternative for the return of the property or its value. But the fact that it is not so rendered is not reversible error. The district court should, in such case, on appeal on law alone, where plaintiff's right of recovery is shown, order the entry of the proper alternative judgment.

**Evidence.**

Evidence examined, and *held* to sustain the allegations of the complaint relative to plaintiff's ownership and right to the possession of the property in controversy.

**Assignments of Error.**

Certain alleged errors occurring in the justice court considered, and disposed of.

Action before a justice of the peace to recover possession of a yoke of oxen or $85 damages in case possession could not be had. The justice found in favor of plaintiff for $30 and costs, but failed to enter an alternative judgment. Defendant appealed to the dis-

[1] Reported in 86 N. W. 350.

trict court for Aitkin county on questions of law. In the district court the appeal was heard before Holland, J., who made an order reversing the judgment. From a judgment entered pursuant to the order, plaintiff appealed to the supreme court. Reversed.

*Charles C. Teare*, for appellant.

*F. W. Hall*, for respondents.

BROWN, J.

This action was commenced in justice court to recover the possession of certain personal property. Plaintiff had judgment in that court, which was reversed on appeal to the district court, and plaintiff appealed to this court.

The facts are short, and as follows: Plaintiff claims to have been the owner of the property in question, and to have sold the same to defendant Johnson, the sale having been made on condition that the title and ownership should not pass from plaintiff until full payment of the purchase price. Defendant Mausten gave bond for the redelivery of the property in the justice court, and had possession thereof at the time of the trial. The case proceeded to trial on the issues made by the pleadings, the questions presented being whether plaintiff was the owner of the property, and had made the conditional sale mentioned to Johnson, and whether defendant Mausten, who had purchased the same from Johnson, had notice of plaintiff's rights at the time of such purchase. No written memorandum of the sale was filed in the town clerk's office, as required by statute, and it became necessary for plaintiff to show, in order to sustain her right of recovery against defendant Mausten, that he had notice of her rights. It appeared from the evidence received on the trial that the extent of her interest in the property was the unpaid purchase price, $30. The complaint alleged that the property was worth $85, but contained no reference to the limited extent of plaintiff's interest therein. At the conclusion of the trial, and before the justice had determined the case, plaintiff applied for leave to amend her complaint by alleging the value of her interest in the property to be $30. The application was granted, and thereupon, in due time, the justice rendered judgment in plaintiff's favor, not in the alternative for the return of the property, or the value

of her interest therein, as required by statute, but instead for the sum of $30 and costs absolute. The defendants appealed to the district court on questions of law alone. Two months subsequent to the appeal plaintiff applied to the justice on notice to defendants for an order amending the judgment by making it in the alternative, which motion was granted, and a formal entry made in the docket adjudging that plaintiff was the owner of the property, and entitled to the return and possession thereof, or, in case such return could not be had, the value of her interest therein, $30.

Defendants make several points in this court: (1) That the justice erred in permitting the amendment to the complaint; (2) that the evidence is insufficient to show plaintiff's title to the property; (3) that such evidence is insufficient to show notice to defendant Mausten of plaintiff's rights; and (4) that the justice erred in granting the motion to amend the judgment. We dismiss the proceedings had by plaintiff for the purpose of procuring an amendment to the judgment as wholly irrelevant to any question in the case. The proceeding was an absolute nullity, and operated in no way to the prejudice of defendants; neither did it affect the validity of the judgment theretofore entered. As to the point with reference to the amendment of the complaint, there was no error. The evidence clearly showed that plaintiff had no interest in the property save to the extent of the balance of the purchase price due her, and it was perfectly proper for the justice to permit an amendment to the complaint to correspond to the proof. It is doubtful whether the amendment was at all necessary. The justice should have limited plaintiff's recovery to the value of her interest in any event, and there certainly was no error in allowing the amendment. We have examined the evidence very carefully, and reach the conclusion that the judgment of the justice with reference to the ownership of the property, the conditional sale thereof to Johnson, and notice to defendant Mausten of plaintiff's rights, were fully warranted. In appeals of this kind it is not the duty of the district court or this court to examine and consider the evidence any further than is necessary to determine whether from it the justice might find facts that would justify his judgment. Croonquist v. Flatner,

41 Minn. 291, 43 N. W. 9. The evidence, therefore, being sufficient to justify the judgment of the justice, the district court should have modified and corrected the same by ordering the entry of a proper alternative judgment. Kates v. Thomas, 14 Minn. 343 (460). And it was error to reverse the judgment simply because the justice had failed properly to enter it in the alternative. For this error the judgment appealed from must be reversed.

It is therefore ordered that the judgment appealed from be reversed, and the cause remanded to the district court, with directions to enter judgment for plaintiff for the return of the property in question, or, in case a return thereof cannot be had, the value of her interest therein, with costs of the action. It is so ordered.