O. C. TRACE v. WENDELIN VOIGHT.[1]

April 28, 1905.

Nos. 14,225—(31).

From a judgment in favor of the defendant in the district court for Morrison county, entered pursuant to an order of Searle, J., in open court, plaintiff appealed. Affirmed.

*E. A. Kling,* for appellant.

*J. N. True,* for respondent.

PER CURIAM.

This action was brought by plaintiff in justice court to recover the value of certain professional services alleged to have been rendered by

[1] Reported in 103 N. W. 1134.

him to defendant. Defendant had judgment before the justice, and from a judgment of the district court, affirming the same, plaintiff appealed to this court. An examination of the evidence discloses no ground on which a reversal of the judgment appealed from may be ordered.

The rule laid down in Croonquist v. Flatner, 41 Minn. 291, 43 N. W. 9, and followed in Larson v. Johnson, 83 Minn. 351, 86 N. W. 350, must be applied. It was held in those cases that, on appeals from justice court on questions of law alone, the only question necessary to be determined, where no rulings are complained of, is whether the evidence presented to the justice was such that from it he might have found facts which would justify his judgment. No rulings are complained of in this case, and the evidence is sufficient to justify the justice in finding that the employment of plaintiff as a consulting physician by Dr. Kerkhoff, who had been treating defendant's daughter in her illness, was unauthorized, and that defendant did not ratify his acts in so employing plaintiff. The evidence tends to show that Dr. Kerkhoff had, prior to the time he requested the services of plaintiff, been dismissed by defendant, and was not then his physician, nor authorized to act for him. It also tends to show that defendant was led to believe, at the time plaintiff was at his residence in consultation with Dr. Kerkhoff, that Kerkhoff had requested plaintiff to examine the patient for the sole purpose of confirming his own diagnosis of the case. If this evidence is true, it is conclusive against plaintiff's right of recovery, and whether it was true was for the justice to say.

Judgment affirmed.