## STATE v. GILBERT HEDSTROM.
## STATE v. HARVEY HEDSTROM.[1]

January 19, 1951.

Nos. 35,301, 35,302.

*Dell & McCarten,* for appellants.

*J. A. A. Burnquist,* Attorney General, and *K. L. Wallace,* County Attorney, for the State.

FRANK T. GALLAGHER, JUSTICE.

Appeals from judgments of the district court entered against de-

[1]Reported in 45 N. W. (2d) 715.

fendants adjudging them guilty of the offense of attempting to take mink with the use of a dog and by digging, molesting and injuring a muskrat runway by digging into the same with a shovel. The appeals are taken on the ground that the judgments and sentences are unlawful, in that they are based upon the complaints in these proceedings, which complaints were demurred to on the ground that they were duplicitous.

Separate complaints were made in justice court charging that on December 14, 1949, at the place mentioned in the complaints, each of the defendants "did wilfully and unlawfully then and there attempt to take mink with the use of a dog and by digging, and did molest and injure a muskrat runway by digging into the same with a shovel, contrary to Commissioners' [sic] Order No. 1244 and Section 100.27 of Minnesota Statutes Annotated, * * *." Inasmuch as the charges are the same in both cases, we shall consider them together.

Defendants were arrested, and at the time of trial before the justice of the peace they appeared specially and each filed written demurrer to the complaint on the ground that it constituted duplicity and charged defendants with the commission of two offenses. Each requested a dismissal of the complaint, which request was denied. The state then, over the objections of defendants, proceeded to try them before the justice of the peace, each having waived a jury. Each was found guilty as charged and sentenced to 90 days' imprisonment in the county jail, with 60 days suspended. Thereafter, they appealed to the district court of Douglas county on questions of law alone. The appeals were later heard in district court, and orders were made affirming the action of the justice court. The orders of the district court, dated March 13, 1950, read in part as follows:

"It is ordered that the decision of the Honorable Emil E. Gahlon, Justice of the Peace, finding the defendants guilty of the crime of illegally taking mink with the use of a dog and by digging, and by molesting and injuring a muskrat runway, be in all things affirmed."

In its memorandums attached to the orders, the district court was of the opinion that the complaints were not duplicitous. It was the judgment and sentence of the district court "as punishment for the offense of attempting to take mink with the use of a dog and by digging, molesting and injuring a muskrat runway by digging into the same with a shovel" that defendants be committed to and confined in the county jail for 90 days.

Defendants assign as error:

(1) That the district court erred in overruling defendants' demurrers and in affirming the decision of the justice court and rendering judgments and sentences of guilty as charged in the complaints.

(2) That the district court erred and abused its discretion in imposing a greater sentence than that of the justice court where the appeals to the district court were on a question of law.

■ We are concerned primarily with the question whether the complaints charge more than one offense. M. S. A. 630.23 provides in part:

"The defendant may demur to the indictment when it shall appear from the face thereof:

\*     \*     \*     \*     \*

"(3) That more than one offense is charged in the indictment, except in cases where it is allowed by statute;"

Section 100.27, subd. 4, provides as follows:

"Muskrats may be taken for a period not exceeding 30 days in the aggregate for the area, beaver or otter for a period not exceeding 15 days, only by trapping, and mink for a period not exceeding 90 days, in such areas of the state and during such times and subject to such regulations as the commissioner shall prescribe, between November 1st and April 30th following."

Commissioner's order No. 1244, § 4, reads as follows:

"Mink may be taken anywhere within the state of Minnesota in any legal manner, except with the use of dogs or by digging, from

November 1, 1949, to January 29, 1950, both dates inclusive, provided, that no person shall set traps in, molest, injure, or destroy, any muskrat house, beaver house, or beaver dam, or any burrow, den, or other abiding place of beaver or muskrat."

It is our opinion that the complaints as worded charge two separate offenses of an entirely different character, the commission of either of which would be a violation of M. S. A. 100.27, subd. 4, and commissioner's order No. 1244, to wit: (1) That defendants attempted to take mink with the use of a dog and by digging; and (2) that they molested and injured a muskrat runway by digging into the same with a shovel.

The state contends that defendants are charged only with the offense of illegally taking mink by three different means, namely, by hunting mink with a dog; by digging; and by digging into a muskrat runway. We cannot agree with this contention, since it appears obvious from a reading of the complaints that two separate offenses are charged against defendants.

In State v. Wood, 13 Minn. 112 (121), an indictment was found against the defendant, who demurred on the ground that more than one offense was charged. The demurrer was overruled. The jury found defendant guilty as charged in the indictment. Upon appeal to this court, it was held that the demurrer was well taken, and the judgment was reversed. The court said there that the indictment could be amended by striking out one count. The case was remanded in order that application could be made for such amendment and thereupon a new trial had or, in case the amendment was not obtained, that defendant be discharged.

Later, in Chute v. State, 19 Minn. 230 (271), this court again held that the indictment charged two distinct offenses of an entirely different character. The trial court overruled defendant's demurrer to the indictment, and on trial he was convicted. This court held that the demurrer should have been allowed. The judgment was reversed, but the court stated that, inasmuch as the indictment could be amended by striking out one count, the case was remanded so that application could be made for such amend-

ment so that there could be a new trial. As in the Wood case, the court stated that if the amendment was not obtained the defendant should be discharged. See, also, State v. Coon, 14 Minn. 340 (456).

At common law, an indictment which charged two separate offenses, each distinctively punishable, was considered bad and could either be quashed on defendant's motion or demurred to on the ground of duplicity. State v. Gopher Tire & Rubber Co. 146 Minn. 52, 57, 177 N. W. 937, 938. It appears that this rule had no application where the offenses charged were not felonies but only misdemeanors. 1 Wharton, Criminal Procedure (10 ed.) § 335.

Section 630.23 (3) provides that a demurrer may be interposed to an indictment charging more than one offense, except in cases where it is allowed by statute, as did G. S. 1913, § 9185, referred to in State v. Gopher Tire & Rubber Co. *supra.* In that case, the indictment before the court charged the defendant with a gross misdemeanor not amounting to a felony. The court there commented that it would not have been demurrable under the practice at common law if it had charged defendant with making two or more distinct sales. This court further said (146 Minn. 57, 177 N. W. 939):

"* * * Apparently the common law rule has been changed by our statute. In at least two early cases, it was assumed that the rule against duplicity extended to indictments charging the commission of offenses of the grade of misdemeanors. State v. Coon, 14 Minn. 340 (456); Chute v. State, 19 Minn. 230 (271)."

The court further stated that the reason for the rule against duplicity is that the defendant ought not to be embarrassed or confused in making his defense by the necessity of meeting several distinct accusations founded on disconnected acts and requiring the production of evidence of a different nature. Further commenting, the court said (146 Minn. 57, 177 N. W. 939) that the rule "does not exist where the acts charged are part of the

same transaction, as, for example, a libel of two persons in a single article published by a single act, State v. Hoskins, 60 Minn. 168, 62 N. W. 270 [27 L. R. A. 412], or uttering as true at one time and to the same person a forged note and a forged mortgage securing it, State v. Moore, 86 Minn. 422, 90 N. W. 787 [61 L. R. A. 819]."

The state cites State v. Gopher Tire & Rubber Co. 146 Minn. 52, 177 N. W. 937, *supra,* and State v. McGinnis, 30 Minn. 52, 14 N. W. 258, as controlling.

In the former case, defendant was indicted by the grand jury charged with the crime of selling securities without a license. It interposed a demurrer to the indictment on the ground that it charged defendant with more than one offense. The trial court overruled the demurrer and certified questions of law arising upon the indictment and demurrer as important and doubtful. More specifically, the indictment charged defendant with the crime of (146 Minn. 54, 177 N. W. 937)—

"selling securities without a license, committed as follows: That * * * at the city of Stillwater * * * between the 21st day of July, 1919, and the 7th day of August, A.D. 1919, * * * (defendant) did wilfully, unlawfully and wrongfully sell to * * * [six persons named] and others certain securities issued by it, without first having obtained a license to sell such securities from the State Securities Commission, * * *."

That indictment was returned under L. 1917, c. 429, as amended by L. 1919, c. 105. It provided in part that all persons, firms, and corporations were prohibited from engaging, within this state, in the business of selling or negotiating for the sale of any stocks, bonds, investment contracts, or other securities issued by him or it, except securities specifically enumerated in § 2 of the act. It further provided that no investment company or dealer shall sell or offer for sale, or profess the business of selling or offering for sale securities coming within the scope of the act, unless and until he or it shall have furnished to the state securities commission information touching the honesty, good faith, and character

of the business of the company or dealer, and shall have obtained from the commission a license to sell securities. Violation of any of the provisions of the act was made a gross misdemeanor. In connection with the first question certified for determination by this court in that case as to whether the indictment was bad for duplicity, this court said (146 Minn. 58, 177 N. W. 939):

"Generally speaking, where an offense consists of several distinct acts which are in fact to be construed, when taken together, as one continuous act, such acts may be charged in an indictment without making it subject to objection for duplicity. Joyce, Indict. § 417; Wharton, Crim. Pro. § 300."

Applying those principles to the indictment in that case, we took the position that each of the several sales alleged was connected with or an incident of one continuous transaction, that is, the selling of securities without a license; that the sales, if each one amounted to a separate offense, were of the same grade or class and subject to the same punishment; and that the trial court, if defendant was likely to be embarrassed in making its defense, had the power to compel and should compel the state to elect upon which of the sales alleged it would rely for a conviction. The court further explained there that, except for the provision that a single or isolated transaction was not covered by the statute (L. 1917, c. 429, § 2, subd. j), the number of sales that must be shown to establish the offense charged was not specified. It reasoned that if the indictment had alleged that a sale was made to two of the parties named therein it might have been good, but that it would not have been good if it had stopped after charging a sale to only one of the parties. It then reasoned that if it was necessary to allege that more than one sale was made it could not be said that the indictment was bad because it alleged that six or more sales were made. Analogous cases involving indictments for the sale of intoxicating liquors were cited in that case where it had been held that an indictment was not bad for duplicity which charged the defendant with the sale

of 20 glasses of liquor to different persons at different times, the sale of liquor by the glass or dram being prohibited. Zumhoff v. State, 4 Greene (Iowa) 526; Commonwealth v. Broker, 151 Mass. 355, 23 N. E. 1137. We there concluded that the indictment was not bad for duplicity, and the order overruling the demurrer was affirmed.

In line with the application of the above principles as set forth in the Gopher Tire & Rubber Company case, that each of the several sales alleged were connected with or incidents of one continuous transaction, namely, the selling of securities without a license, the state here argues that the situation is similar here, in that defendants are charged only with the offense of illegally taking mink by three different means, to wit, by hunting mink with a dog, by digging, and by digging into a muskrat runway. As stated before, we cannot agree with this position, since the complaint specifically charged that defendants attempted to take mink with the use of a dog *and* by digging, *and* that they molested and injured a muskrat runway by digging into the same with a shovel.

In State v. McGinnis, 30 Minn. 52, 14 N. W. 258, this court held that a complaint alleging a sale *and* disposal of intoxicating liquor charged but one offense against a statute prohibiting a sale *or* disposal of such liquors. We do not consider that case in point here.

It is our opinion that the complaints charged two separate offenses and that the demurrers of defendants should have been allowed. § 630.23 (3). This conclusion does not necessarily determine the cases however, since the complaints may be amended by striking out one count. State v. Wood, 13 Minn. 112 (121). We therefore remand the cases in order that applications may be made for such amendments, and thereupon new trials may be had. Inasmuch as this is an appeal on questions of law alone, the actions shall be tried in the district court upon the return of the justice. § 532.41. In case the amendments are not obtained, defendants may be discharged.

In connection with defendants' second assignment of error, § 532.41 provides:

"Upon an appeal upon questions of law alone, the action shall be tried in the district court upon the return of the justice. Upon an appeal upon questions of law and fact, the action shall be tried in the district court in the same manner as though originally commenced therein."

It is the position of defendants that the district court erred in imposing a greater sentence than that of the justice court where the appeal to the district court was on questions of law alone. In this we cannot agree. An appeal properly perfected in a criminal case, from a justice of the peace to the district court, upon questions of law alone, operates to supersede the judgment of the justice, and the district court may enter such judgment on an affirmance as the law of the case requires. State v. Bliss, 21 Minn. 458.

Reversed and remanded with directions.