## STATE OF MINNESOTA *vs*. CHRISTIAN H. A. RICHTER.

### June 27, 1876.

Sale of Intoxicating Liquor to Minors.—Gen. St. *c*. 16, § 10, was not repealed by Laws 1872, *c*. 61. Besides intemperate persons or habitual drunkards, the only persons referred to by Gen. St. *c*. 16, § 11, as amended by the said act of 1872, as those to whom a sale or other disposition of spirituous or other liquors is made unlawful, are minors who are pupils or students in any public school, seminary, academy, or other institution of learning within the state.

The defendant was tried and convicted in the municipal court of the city of Minneapolis, upon the following complaint: [Title] "Margaret E. Stoops, being duly sworn, makes complaint to the above-named court, and says that on the 16th day of February, A. D. 1876, at the city of Minneapolis, in said county, Christian H. A. Richter, then and there being, did wilfully, unlawfully, and wrongfully sell and dispose of spirituous liquor to a minor person, in this, that he, the said Christian H. A. Richter, then and there being, did then and there wilfully, unlawfully, and wrongfully sell three glasses of gin to one Ira Cole, who was then and there a minor person, as he, the said Christian H. A. Richter, then

and there well know, contrary to the statute," etc.   A new trial was refused, and defendant appealed.

*Arctander & Reynolds*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

CORNELL, J.   Chapter 61, Laws 1872, entitled, " An act to amend chapter sixteen of the General Statutes relating to the sale of intoxicating liquors," expressly amends sections 1, 3, and 11 of said last-named chapter, adds two new sections, and declares " all acts and parts of acts inconsistent with " such amendatory act as repealed.   The question presented calls for the construction of section 11 as amended. As chapter 16 stood prior to the act of 1872, it was declared, by section 10, a misdemeanor punishable by fine not less than $10 nor more than $50, or by imprisonment not less than ten nor more than fifty days, for any saloon-keeper, or other person therein designated, to furnish intoxicating liquor to any " minor, minor servant, or ward," within one year next after receiving written notice, forbidding the same, from the parent, master, or guardian of such minor, minor servant, or ward.   Section 11 declared it a like offence, subject to like punishment, for any such person to furnish intoxicating liquor to any intemperate person or habitual drunkard, within six months next after receiving a like notice from any member of the family of such intemperate person or habitual drunkard, or from any overseer of the poor, or guardian of such intemperate person, etc.   Each of these sections defined a separate and distinct offence, though of the same grade.   In respect to each of the two classes of persons therein mentioned, the power of proper self-control was presumed to be wanting because of immature age, in the one case, and of mental weakness produced by habits of self-indulgence in the other, and, therefore, both were alike regarded as fit subjects for legal protection.

Section 11, as amended, makes it " unlawful for any person to sell or dispose of any spirituous, vinous, fermented, or malt liquors, in any quantity, to any minor person, pupil,

or student in any public school, seminary, academy, or other institution of learning within the state, or to any intemperate person or habitual drunkard," and declares such offence a misdemeanor, punishable by fine "not less than fifty nor more than one hundred dollars, or by imprisonment in the county jail not less than thirty nor more than ninety days, or until such fine is paid." It also makes null and void the license of a person convicted of such offence, and declares that no license, etc., shall be construed as authorizing any sale of such liquors to the classes of persons therein named.

The true construction of this section as amended must be reached by determining what portions of Gen. St. *c.* 16, remain unaffected by the amendatory act of 1872, as it is a cardinal rule, in the interpretation of statutes, so to construe a law relating to the same general subject as to harmonize all its provisions, and give force and effect, so far as possible, to all its parts. Sections 10 and 12 are not repealed in terms, and, as repeals by implication are not favored in law, they must be regarded as still remaining in force unless their provisions are so necessarily repugnant to those of the amended section that both cannot stand together. There is no such repugnancy, however, if we regard the sentence, "a minor person, pupil, or student in any public school," etc., as here used, as an elliptical one, the true meaning of which is made apparent by supplying the omitted words. Reading the sentence with the ellipsis supplied—"a minor person" (who is a) "pupil or student"—while violating no grammatical rule, accords with the obvious intention of the legislature in amending the section in this particular. Minor students, during their absence at school, are to a great extent deprived of the care and counsel of their natural and lawful guardians, and the restraining influence of home, at a period in life when such influence and counsel are of the most vital importance in the development of character and the formation of correct

habits. To shield the inexperience of this class of pupils from any exposure to intemperance and its consequent evils, while thus helplessly situated, and deprived of all parental aid and influence, was manifestly the main purpose of this provision of the amended statute, which prohibits the sale or disposal of any intoxicating liquor to "any minor person, pupil, or student, while attending school." As respects students who have reached the full legal age of discretion and responsibility, no good reason occurs why any discrimination of this character should be made between them and other adult persons. The law recognizes both as alike possessed of the same legal rights, and subject to like responsibilities. If the latter require no statutory restraints to prevent them from becoming inebriates, the former, by reason of superior educational advantages, would seem to stand in still less need of legislative aid in their behalf. The conclusion which we reach, then, is that section 10 applies to minor persons of all classes, without reference to business or occupation, while section 11, as amended, applies only to students under age, in attendance upon some public school, college, or other institution of learning, and intemperate persons or habitual drunkards. Under the former, no offence can be committed except after notice given as therein specified; while, under the latter, no notice whatever is required. And, inasmuch as the complaint in this case does not state facts sufficient to constitute an offence under either section, the decision of the municipal court was erroneous, and the order appealed from must be reversed.