### State of Minnesota *vs.* H. F. Heitsch.

### May 10, 1882.

**Furnishing Liquor to Drunkards—Complaint.**—A complaint under the last sentence of Gen. St. 1878, *c.* 16, § 10, must charge that the person furnishing the liquor was, at the time when the written notice forbidding him to so furnish was served upon him, a tavern-keeper, merchant, distiller, or person having or keeping intoxicating liquors, etc., as the case may be.

Defendant was convicted before a justice of the peace, and, on appeal, again convicted in the district court for Otter Tail county, *McKelvy*, J., presiding, of the offence of selling liquor to the husband of the complaining witness, and appeals from the judgment.

*M. E. Clapp* and *Knute Nelson*, for appellant.

*Wm. J. Hahn*, Attorney General, for the State.

BERRY, J. The complaint in this case evidently aims to charge an offence under the last sentence of Gen. St. 1878, *c.* 16, § 10. To make out that offence (which is wholly statutory) every one of the ingredients embraced in its statutory definition must be present. *People* v. *Allen*, 5 Denio, 76. One of these ingredients is that the liquor is furnished after a "distinct, written notice to any tavern, hotel-keeper,

merchant, grocer, saloon-keeper, distiller, brewer, or any other person having or keeping any such intoxicating liquors, forbidding him from directly or indirectly furnishing the person or persons named in the notice with any kind of intoxicating liquor." The offender must therefore be, at the time of the service of the notice, one of the persons thus enumerated, namely, a hotel-keeper or merchant, or person having or keeping such intoxicating liquors, etc., as the case may be. And this fact must be alleged in the complaint; otherwise it fails to charge the statutory offence, and is consequently insufficient. *State v. Richter*, 23 Minn. 81. In the case at bar the complaint wholly fails to charge that the defendant was, at the time when the notice was given, one of the persons enumerated. It is, therefore, fatally defective, and the dismissal asked for by the defendant should have been granted. As this disposes of the case, it is unnecessary to consider the other points made upon the argument.

Judgment reversed, and defendant discharged.