Taney v. The State.

Filed Jan. 13, 1894.

———————◆———————

No. 1,147.

TANEY v. THE STATE.

CRIMINAL LAW.—Profanity.—When Sufficiently Charged.—Where an affidavit charging the crime of profanity, confessedly sufficient in every other particular, avers that the defendant "did then and there unlawfully and profanely curse, swear, aver and imprecate, by and in the name of God," etc., "by then and there unlawfully saying God

Taney *v.* The State.

damned," such averments are sufficient, and do not charge more than one offense.

From the Marion Criminal Court.

*W. F. A. Bernhamer* and *F. E. Filber,* for appellant.

*A. G. Smith,* Attorney-General, and *F. T. Edenharter,* for State.

Ross, J.—This appeal is from a judgment of the Marion Criminal Court, wherein the appellant was convicted and fined in the sum of one dollar for profanity, under section 1999, R. S. 1881.

Three errors are assigned in this court, namely: First, that "the affidavit does not state facts sufficient to constitute a public offense"; second, that "the court erred in overruling defendant's motion in arrest of judgment"; and, third, that "the court erred in overruling defendant's motion for a new trial."

The affidavit upon which the appellant was tried and convicted, omitting the caption, is as follows:

"Before me, M. H. Daniels, a justice of the peace, in and for said county, came Sarah E. Kant, who, being duly sworn according to law, deposes and saith, that on or about the 16th day of October, in the year 1892, at the county of Marion and State of Indiana, Michael Taney, late of said county, did then and there unlawfully and profanely *curse, swear, aver* and *imprecate* by and in the name of God, Jesus Christ, and the Holy Ghost, by then and there unlàwfully saying God damned, he, the said Michael Taney, being then and there a person over fourteen years of age, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

It is now urged by appellant that the affidavit is insufficient, because it fails to charge that he profanely used the words "God damned," and, further, for the

reason that more than one offense is charged.   Neither of these objections is well taken.

The offense is charged in the language of the statute, that he "did then and there unlawfully and profanely *curse, swear, aver* and *imprecate* by and in the name of God," etc., "by then and there unlawfully saying God damned."   This, we think, was a sufficient charge of the offense.

The only question urged under the motion for a new trial, is that the finding of the court is contrary to the evidence.

We have read the evidence given on the trial of the cause, and, while it is very meager and unsatisfactory, it is sufficient to sustain the finding of the court.

Judgment affirmed.

Filed Jan. 25, 1894.