Zinns v. State of Indiana.

Filed October 30, 1895.

No. 1,791.

ZINNS v. STATE OF INDIANA.

CRIMINAL LAW.—*Reporting False Measure.—Two Offences Charged in Same Count.—Affidavit.*—That an affidavit charging the defendant, who had charge of a pair of scales, with having knowingly reported a false and untrue weight, is sufficient, and does not contain a charge of two offences in the same count, see opinion.

SAME.—*Sufficiency of Evidence.*—That the evidence is insufficient to support such charge, see opinion.

From the Vanderburgh Circuit Court.

*H. M. Logsdon* and *H. Mason*, for appellant.

*J. W. Spencer*, Prosecuting Attorney, and *J. R. Brill*, for State.

Ross, J.—Appellant stands charged with having

violated section 2201, R. S. 1881 (section 2349, Burns Rev. 1894), which reads as follows :

"Whoever knowingly sells, or directs or permits any person in his employ to sell, any property, and makes or gives any false or short weight or measure of such property ; and any person owning or having charge of scales, measures or steelyards for the purpose of weighing or measuring any property, who knowingly reports any false or untrue weight or measure, whereby any person may be defrauded or injured, shall be fined not more than one hundred dollars nor less than ten dollars."

The affidavit upon which appellant was arrested and convicted in the court below, charges that on the 10th day of March, 1894, at the county of Vanderburgh, he, having "charge of a certain pair of scales for the purpose of weighing coal, did then and there unlawfully, falsely and knowingly report a certain false and untrue weight and measure of a certain load of coal then and there weighed, sold and delivered by the said Zinns to one William Harvey, by then and there unlawfully, falsely and knowingly representing and reporting to the said Harvey that said load of coal contained twenty-five bushels, or 2,000 pounds, of coal, whereas, in truth, and in fact, said load of coal did not contain twenty-five bushels, or 2,000 pounds, but that said load of coal contained only 1,920 pounds, or twenty-four bushels of coal, and no more, to the damage of the said Harvey in the sum of ten cents, contrary to the form of the statute," etc.

The specifications of error assigned in this court question the sufficiency of the affidavit and the ruling of the court in overruling the motion for a new trial.

The appellant insists that two offenses are charged in the one count or affidavit, namely : First, in "reporting

false or short weight," and, second, for "selling coal at a less weight than that prescribed by law."

On the other hand, counsel for appellee insist that but one offense is charged. That the offense charged is in falsely reporting "a certain false and untrue weight and measure of a certain load of coal."

We think appellee's contention must prevail. Section 2201, *supra*, defines two offenses, and the affidavit under consideration charges the commission of an offense, if one is charged, under the second provision of the section.

When an offense is defined by the statute it is usually sufficient to charge its commission in the language of the statute. *Taney* v. *State*, 9 Ind. App. 46 ; *Benham* v. *State*, 116 Ind. 112 (115), and cases cited.

In the case of *Blanchard* v. *State*, 3 Ind. App. 394, Blanchard was charged with having unlawfully sold twenty-two and one-half bushels of coal as and for twenty-five bushels, under section 2202, R. S. 1881 (section 2350, Burns Rev. 1894). In considering the sufficiency of the evidence to sustain the verdict in that case this court said : "We do not think that the mere naked sale, regardless of the intention of the seller, and regardless of the question whether the purchaser was prejudiced thereby, is enough to warrant a conviction under the statute upon which the prosecution is founded."

The evidence in this case shows that at the time in question one William H. Mason was engaged in the coal business in Evansville, and was unloading coal from cars, and after weighing it delivered the same to his customers ; that the load which it is charged the appellant falsely reported the weight of, was the last coal of a carload, and that when appellant had weighed it he informed Mr. Mason that it contained but twenty-four bushels ; but at the request of the latter he made out a

slip certifying that it contained twenty-five, Mr. Mason at the time telling him that the additional eighty pounds could be taken from the next load. After the driver of the wagon had proceeded some distance down the street toward the place where the coal was to be delivered, one William D. Crane, a detective, stopped the driver, took from him the slip given by appellant to Mr. Mason, and by the latter given to his driver, and then caused the load of coal to be weighed, and found that the slip he took from the driver called for twenty-five bushels of coal, while there were but twenty-four bushels on the wagon. Shortly after this Mr. Mason delivered the load of coal to one William Harvey, who had previously ordered from and paid him for twenty-five bushels; that not having the slip given him by the appellant he (Mason) made out a duplicate himself and handed it to Harvey, informing him that there was but twenty-four bushels of coal unloaded, and returned to him of the amount paid for the twenty-five bushels, the cost of one bushels.

The evidence wholly fails to make out the offense charged in the affidavit.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Filed October 30, 1895.