STATE v. HENRY FELDMAN and Another.[1]

June 25, 1900.

Nos. 12,136—(14).

### Intoxicating Liquor—Illegal Sale.

*Held*, on the authority of State v. McGinnis, 30 Minn. 52, that the trial court did not err when it refused to compel the prosecuting attorney to elect whether he would ask for a conviction for a sale of "spirituous," or for a sale of "malt," liquors.

### Juror—Challenge for Actual Bias.

*Held*, also, on the authority of State v. Mims, 26 Minn. 183, that the determination of the court, acting in place of triers, that a challenge of actual bias interposed as to one of the jurors was untrue, was a finality.

Appeal by defendants from an order of the district court for Goodhue county, Williston, J.; denying a motion for a new trial, after a conviction of the offense described in the opinion. Affirmed.

*J. C. McClure*, for appellants.

*W. B. Douglas*, Attorney General, *C. W. Somerby*, Assistant Attorney General, and *Albert Johnson*, County Attorney, for respondent.

COLLINS, J.

The defendants herein were convicted of the offense specified in the indictment, the charging part of which reads as follows:

"Said Henry Feldman and Harry Feldman, on the 20th day of August, A. D. 1899, at the town of Warsaw, in the county of Goodhue, in the state of Minnesota, did wrongfully and unlawfully sell and dispose of intoxicating liquor in a less quantity than five gallons, to wit, one quart of spirituous, fermented, intoxicating malt liquor, commonly called 'beer,' to one Jens A. Wallin, without first having obtained a license therefor agreeably to the laws of this state."

The appeal is from an order denying a new trial, and the only errors assigned upon the appeal are: "(1) That the court erred in

[1] Reported in 83 N. W. 182.

refusing to compel the prosecuting attorney to elect as to whether he would ask for a conviction for the sale and disposal of 'spirituous' or 'malt' liquors; (2) that the court erred in finding not true defendants' challenge to the juror Schweiger, who, it is contended, was shown on the voir dire to be a partial and biased juror."

There was no error in the refusal of the court to compel an election in this case. It was sufficient to charge the defendants with the sale of intoxicating liquor, and the words, "one quart of spirituous, fermented, intoxicating malt liquor, commonly called 'beer,'" were simply descriptive, and should be treated as surplusage. It is sufficient to allege the sale of intoxicating liquors merely. The statute dispenses with the necessity for proof, hence with the need of alleging the name or kind of intoxicating liquor sold. State v. McGinnis, 30 Minn. 52, 14 N. W. 258.

Nor is there any merit in the second point made by counsel. In impaneling the jury, the court, with the consent of both parties, acted in the place of triers, and passed upon the challenges interposed on the ground of actual bias. As to the juror Schweiger, it determined the challenge untrue. This was a finality. The decision cannot be reviewed in this court. State v. Mims, 26 Minn. 183, 2 N. W. 494, 683.

Order affirmed.