THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN McBARRON, PLAINTIFF IN ERROR.

Submitted July 9, 1901—Decided November 15, 1901.

1. To sustain a conviction under the act of May 28th, 1890 (*Gen. Stat.*, *p.* 1334), it must be clearly shown that the person indicted not only procured the name of an unqualified voter to be registered, but also that he knew at the time of such registration that such person was not entitled to vote at the next election.
2. The word "knowing," in a criminal statute, means mental assurance, knowledge or *scienter*, and such knowledge must be clearly proved or shown by circumstances which leave no reasonable doubt on a fair and considerate mind.

On error to the Supreme Court.

For the plaintiff in error, *James R. Nugent.*

For the defendant in error, *Chandler W. Riker.*

The opinion of the court was delivered by

VOORHEES, J. The plaintiff in error was indicted by the grand jury of Essex county April 11th, 1898, charged with having unlawfully procured a man to be registered as a qualified voter in one of the election districts of Newark a

few days before a charter election. He was tried April 21st, 1898, and found guilty of the offense. The Supreme Court sustained the conviction (34 *Vroom* 43) and the writ of error brings the whole record before us under the act of May 9th, 1894. *Gen. Stat., p.* 1154, § 170. This act has been modified but was in force at the time of the trial. Under this statute if the evidence is of such a nature that when fully and fairly examined it will not satisfy a considerate mind beyond a reasonable doubt of the guilt of the accused, a conviction thereon must be set aside and a new trial granted. *Kohl* v. *State,* 30 *Vroom* 445; *Winters* v. *State,* 32 *Id.* 613.

The plaintiff was indicted, tried and convicted under section 15 of the act of May 28th, 1890 (*Gen. Stat., p.* 1334), which enacts, "That any person who shall cause or procure * * * his name, or that of any other person to be registered, knowing that he or the person whose name he has procured to be registered is not entitled to vote in the election district or ward wherein said registry is made at the next election to be held therein, * * * shall be punished for each and every offense."

The testimony was that the plaintiff was engaged in making a personal canvass of the qualified voters in a certain district in Newark; he reached, early in the morning, a tenement-house in which resided several families; in getting the names of the persons there entitled to vote in the coming election, and while standing in the hall someone called to him from the inside of a room, "put my name down." He entered the room and saw a man sitting at a table eating breakfast; he had known this man from boyhood and knew that for many years he had voted in this district, although for the last two or three years he had resided in and voted from another district in Newark. Upon this request he placed the name of the person upon his list and requested him to personally register, and at the same time informed him of the days upon which the board of registry met. As he had not appeared and registered, the plaintiff in error, on the last day of the meeting of the board, caused his name to

be placed upon the list as a person entitled to vote at the next election. He did not appear and vote under this registry on election day.

A conviction in this case cannot be sustained solely upon the fact that the plaintiff procured the name of an unqualified voter to be registered, but it must further appear that he knew when he caused such registration to be made that the person so registered was not entitled to vote at the next election; the significant word of the statute is "knowing," which means knowledge of, mental assurance, or *scienter;* it is positive, not negative. Such knowledge must be clearly proved or shown by such circumstances as leave no reasonable doubt on a fair mind; the proof of the knowledge must be clear, not a mere inference that he could have found out by further inquiry; there must have been culpable intent shown, not mere ignorance. *Pier* v. *Hanmore,* 86 *N. Y.* 95; *Stebbins* v. *Edmands,* 12 *Gray* 203; *Meirelles* v. *Banning,* 2 *Barn. & Ad.* 909.

When the state rested no such knowledge had been shown in the plaintiff as would constitute the act done by him a breach of the statute, nor had the facts been proved by which such knowledge could have been implied beyond a reasonable doubt. No criminal intent had been proved. It was not, in our opinion, conclusively shown that the plaintiff had violated the inhibition of the statute, and the judgment below should be reversed.

*For affirmance*—VAN SYCKEL, COLLINS, ADAMS, VREDEN-BURGH. 4.

*For reversal*—DEPUE (CHIEF JUSTICE), GARRETSON, HENDRICKSON, BOGERT, KRUEGER, VOORHEES, VROOM. 7.