STATE v. JOHN SWANSON.[1]

December 24, 1908.

Nos. 15,985—(33).

**Violation of Ordinance—Complaint Insufficient.**

> A criminal complaint, which charged that appellant did unlawfully and wilfully make, aid, countenance, and assist in making a noise, riot, disturbance, and improper diversion in a public place, and did collect with bodies and crowds for unlawful purposes, and to the annoyance and disturbance of citizens, etc., contrary to the provisions of a certain city ordinance, does not charge the commission of any specific act constituting disorderly conduct, and is open to objection that it does not state facts sufficient to constitute a public offense, and does not inform appellant of the particular act with which he is charged.

Defendant was arraigned in the municipal court of Minneapolis upon the entry in the judge's docket set out in the opinion and pleaded not guilty. Before the trial a formal complaint of similar tenor was sworn to. At the trial before Charles L. Smith, J., defendant objected to the introduction of any testimony on the grounds the complaint did not state facts sufficient to constitute a public offense, and that it did not inform the defendant of the particular act he was charged with having done which amounted to disorderly conduct. The defendant was convicted and sentenced to imprisonment at hard labor in the workhouse for twenty five days. From the judgment and sentence, defendant appealed. Reversed.

*Morrison & Reed,* for appellant.

*Frank Healy,* City Attorney, and *Clyde R. White,* Assistant City Attorney, for the State.

LEWIS, J.

Section 2 of an ordinance of the city of Minneapolis, under the general head of "Disorderly Conduct," reads: "Any person or persons who shall make, aid, countenance or assist in making any noise, riot, disturbance or improper diversion, and all persons who shall collect in bodies or crowds in said city, for unlawful purposes or to the an-

[1] Reported in 119 N. W. 45.

noyance or disturbance of the citizens or travelers, shall, for each offense, on conviction before the municipal court of the city of Minneapolis, be liable to the same fine and punishment provided for in section one of this ordinance" (the fine not exceeding $100, and the imprisonment not exceeding ninety days). Appellant was arrested in the city of Minneapolis by a police officer upon the following complaint: "December 23, 1907, M. Buerfening duly makes complaint against defendant, and says that at and within the corporate limits of the city of Minneapolis, on the 21st day of December, 1907, the defendant, then and there being, did wilfully, unlawfully, and wrongfully make, aid, countenance, and assist in making a noise, riot, disturbance, and improper diversion in a public place and did collect with bodies and crowds for unlawful purposes, and to the annoyance and disturbance of citizens and travelers then and there being and passing, contrary to the provisions of an ordinance passed by the city council of the city of Minneapolis in such case made and provided." At the trial appellant objected to the introduction of any evidence upon the ground that the complaint did not state facts sufficient to constitute a public offense, and did not inform appellant of the particular act with which he was charged. The objection was overruled. Appellant was found guilty, and sentenced to the workhouse for twenty five days.

The objection was well taken. Under the head of "Disorderly Conduct," the ordinance specifies several different acts, and in section two, five acts are specified as constituting the offense, viz., making a noise, creating a riot, making a disturbance, causing an improper diversion, collecting in bodies or crowds for unlawful purposes, or the annoyance or disturbance of citizens or travelers. A noise, or riot, may be created in many different ways. There is no limit to the manner in which a disturbance, or improper diversion, might be created, and there are many unlawful purposes for which persons might congregate in bodies or crowds. The purpose of a criminal complaint is to specify, with reasonable certainty, the act or acts with which a party is charged, in order that he may prepare for trial. This complaint does no more than recite a part of the ordinance, and does not attempt to inform appellant of the specific character of the offense. Reciting the words of the statute is not necessarily sufficient. State v. Howard, 66 Minn. 309, 68 N. W. 1096, 34 L. R. A. 178, 61 Am. St. 403. We have not

overlooked City of Mankato v. Arnold, 36 Minn. 62, 30 N. W. 305, and State v. Heck, 23 Minn. 549. While a complaint in the prosecution of a petty criminal offense need not be constructed with the same exactness required in an indictment, there is no reason why such looseness of pleading should be permitted, even in municipal and justice courts. Such defects are not mere matters of form. They constitute an infringement upon the substantial rights of the party charged and placed under arrest. It is no excuse or justification that complaints of this character have long been used in the prosecution of this class of cases, and it is certainly desirable that courts charged with the duty of administering the criminal law should require criminal complaints to specify the charge preferred with reasonable certainty.

Reversed.

BROWN, J. (dissenting).

I dissent. In my opinion the complaint is sufficient, as one charging disorderly conduct. State v. Bell, 26 Minn. 388, 5 N. W. 970; City of Mankato v. Arnold, 36 Minn. 62, 30 N. W. 305; State v. Comfort, 22 Minn. 271.

START, C. J. (dissenting).

I am of opinion that the complaint was sufficient, and dissent.