# STATE v. JOHN OLSON.[1]

July 7, 1911.

Nos. 17,076, 17,077—(7, 6).

**Complaint sufficient.**

The complaint against defendant, charging him with disorderly conduct in violation of the ordinances of the city of Minneapolis, as entered in the records of the court below, *held* sufficiently specific and definite, within the meaning of section 17, c. 34, Sp. Laws 1889.

**Municipal court of Minneapolis.**

The purpose of that statute was to simplify municipal court procedure in petty offenses, and is not unconstitutional.

**Brief statement of offense.**

The "brief statement" of the offense there authorized to be entered by the clerk in the records of the court, and to "stand in the place of the complaint," need not be as full and specific as a formal written complaint. State v. Swanson, 106 Minn. 288, distinguished and limited.

**Withdrawal of plea.**

An application to be permitted to withdraw a plea of guilty to a criminal charge after judgment of conviction thereon is addressed to the sound discretion of the trial court.

**Discretion of court.**

In refusing the relief in this case, it is *held* that the court did not abuse its discretion.

John Olson was convicted in the municipal court of Minneapolis of disorderly conduct and sentenced to hard labor in the workhouse for a term not exceeding thirty days. From an order, Leary, J., denying defendant's motion for a new trial and to vacate and modify the judgment, he appealed. Affirmed.

*Mead & Bryngelson,* for appellants.

*Daniel Fish* and *William G. Compton,* for the state.

[1] Reported in 131 N. W. 1084.

BROWN, J.

Defendant was prosecuted and convicted of disorderly conduct, in violation of the ordinances of the city of Minneapolis, and appealed from the judgment.

Upon being arrested and brought before the court, an oral complaint was made against defendant by one Burke, and entered by the clerk of the court in the court records. As so entered the complaint sufficiently charged a violation of the ordinance against disorderly conduct, and defendant interposed a plea of not guilty. The case was then adjourned to the following day, when defendant appeared personally and by counsel, and withdrew the plea of not guilty, and entered a plea of guilty, whereupon the court sentenced him to thirty days in the workhouse. Thereafter defendant employed new counsel, who moved the court for an order vacating the judgment, for leave to withdraw the plea of guilty, for a new trial, and for other relief. The motion was denied.

Defendant contends: (1) That the complaint charging disorderly conduct does not state facts sufficient to constitute a public offense; and (2) that the plea of guilty was obtained from defendant by fraud and duress, and that it should have been set aside and a new trial granted. We dispose of these points in the order stated.

1. The contention that the complaint is insufficient rests in part upon the theory that the only complaint made against defendant appears upon the "court tab," a memorandum made by some officer of the court, giving the date of arrest, the charge, "disorderly conduct," when defendant was arraigned in court, and the plea entered. But in this contention counsel are in error. The records of the court, kept by the clerk, recite that on "January 19th, 1911, H. M. Burke duly makes complaint against defendant and says: That at and within the corporate limits of the city of Minneapolis, on the 18th day of January, 1911, the defendant, then and there being, did wilfully, unlawfully and wrongfully make, aid, countenance and assist in making a noise, riot, disturbance and improper diversion in a public place, * * *" contrary to the ordinance of the city. In view of this record, which cannot be impeached by affidavit, it cannot be held

that the court "tab" was the only complaint lodged against defendant.

But defendant also claims that the complaint so recorded in the minutes of the court was insufficient. The question whether the recorded complaint was a compliance with the law is controlled by the provisions of section 17, c. 34, p. 609, Sp. Laws 1889, an act relating to the municipal court of the city of Minneapolis. The statute provides: "Complaints in criminal cases may be made to the clerk when the court is in session, or to the judge or clerk when not in session; and may be made in writing or reduced to writing by the judge or clerk, and sworn to by the complainant, whether the offense charged be a violation of the criminal laws of the state, or of the ordinances, regulations or by-laws of said city. * * * In cases where alleged offenders shall be in custody, and brought before the court or the clerk, without process, the clerk shall enter upon the records of the court, a brief statement of the offense with which the defendant is charged, which shall stand in the place of a complaint, unless the court shall direct a formal complaint to be made."

The record discloses that defendant was in custody and in court, and, under the provisions of the statute, the clerk was authorized to enter upon the records a "brief statement of the offense," to stand in the place of a formal complaint. The record recites that the complaint was "duly made." This implies that it was verified or sworn to as prescribed by law. In point of substance the statement of the charge as embodied in the record of the court seems to answer every purpose of the statute and sufficiently apprised defendant of the specific offense charged against him, namely, disorderly conduct.

The purpose of the legislature in the enactment of the statute was to simplify the prosecution of minor offenses in the municipal court, and to dispense with the necessity of technical accuracy as followed in felonies and indictable crimes. The police courts of our large cities are often daily confronted with large numbers of petty offenders, and it would be intolerable to require that their proceedings be in form those prescribed for higher courts and high-

er offenses. Their proceedings must of necessity be more or less summary and informal, and so long as the substantial or constitutional rights of persons charged are not infringed or violated, convictions cannot be reversed for mere irregularity. This rule is applied by the courts in all states, having similar statutory regulations, and statutes so providing are not unconstitutional.

The "brief statement" in the case at bar is specific, and definitely informed defendant of the offense charged, and he was in no way misled. We therefore hold the complaint sufficient.

. The case of State v. Swanson, 106 Minn. 288, 119 N. W. 45, holding a formal written complaint, substantially in the language of the recorded complaint in the case at bar, insufficient, was predicated upon a somewhat strict application of the rules of criminal procedure, and is not to be extended beyond the facts of that case. It is distinguishable from the case at bar in this: That no formal complaint was here filed, the prosecution being founded upon the statement of the charge made by the clerk. Of course, such statement need not be as specific as a formal complaint.

2. Upon the question whether the court erred in refusing to permit a withdrawal of the plea of guilty little need be said. The motion was addressed to the discretion of the court. And while our impressions are that the motion might well have been granted as to defendant's co-offender, whose separate appeal was presented with this one, still we are not prepared to hold that the court abused its discretion in refusing the relief to either defendant.

Judgment affirmed.

Lewis, J. (dissenting).

I dissent, for the reasons stated in the opinion in State v. Swanson. As there decided, this complaint consists of mere conclusions. The defendants made a noise in the city of Minneapolis, or got up a riot, or in some way created an improper diversion. How; when; where; under what circumstances? Nothing is stated to put the defendants in possession of the facts necessary to prepare for their defense.

There is no sound distinction between a formal complaint and

one entered on the record by the clerk. When entered by the clerk, the facts constituting the offense may be more briefly stated; but the essential facts must be set out, or no offense is charged.