## STATE v. WASHED SAND & GRAVEL COMPANY.[1]

### April 27, 1917.

### Nos. 20,330—(11).

**Short weight — knowledge of seller — complaint and evidence defective.**
> In a prosecution for the violation of an ordinance of the city of Minneapolis, by which ordinance it is declared that one who knowingly sells commodities at short weight shall be punished by fine, it is *held*, that knowledge is an essential element of the offense so defined, and since the complaint contained no charge that the sale in question was underweight to the knowledge of defendant, and no evidence of such knowledge was offered on the trial, no violation of the ordinance was shown.

Defendant was accused of violation of a short weight ordinance of the city of Minneapolis, tried in the municipal court before Bardwell, J., who when the state rested denied defendant's motion to dismiss the case on the ground that the complaint did not state a cause of action, adjudged defendant guilty and imposed a fine of $100. From an order denying its motion for a new trial, defendant appealed. Reversed.

*S. R. Child, Sherman Child* and *N. E. Pardee,* for appellant.
*C. D. Gould* and *John T. O'Donnell,* for respondent.

BROWN, C. J.

Defendant is a corporation, and engaged in the business indicated by its name. The company had entered into a contract to supply the city of

[1] Reported in 162 N. W. 451.

Minneapolis with 600 yards of washed gravel, and was engaged in the performance of the same at the time here in question. The gravel was being delivered to the city at the point designated by the contract by the use of certain automobile trucks hired by defendant for that purpose. A considerable quantity had been delivered when on August 3, 1916, the city weighmaster, suspecting that loads of gravel theretofore delivered were short in weight and quantity, intercepted a load before reaching the point of delivery, caused the same to be weighed at nearby scales, from which he claimed, on weighing the truck after unloading the gravel, that it was short the represented quantity of four cubic yards; the represented quantity being shown by a check or ticket which the driver of the truck delivered to the weighmaster on demand containing words and figures therein indicating that amount. The weighmaster found less than three yards after weighing the load in the manner stated. He therefore made and filed with the court below a complaint charging defendant with a violation of the weights and measures ordinance of the city. Defendant was found guilty, and appealed from an order denying a new trial.

The ordinance charged to have been violated reads as follows:

"If any person shall, within this city, buy, sell or dispose of any goods or commodities, wares, grains or merchandise, by the use of any scale-beam, steelyards, weight or measure that is unjust or incorrect, knowing the same to be inaccurate, or shall in such purchase or sale knowingly give any false weight or measure, he shall be punished by a fine" not to exceed $100.

No claim is made that in determining the quantity of gravel in the particular truck, or of the loads previously delivered under the contract, defendant made use of any false weight or measure in violation of the ordinance, and the prosecution therefore necessarily must rest upon the last clause thereof, wherein it is declared that one who knowingly gives any false weight or measure in the sale of commodities shall be punished by a fine not exceeding $100.

The principal questions presented by the assignments of error relate to the sufficiency of the complaint upon which the prosecution is founded, and the sufficiency of the evidence to sustain the conviction. It is, however, suggested that if the ordinance be construed as an attempt to punish those who in sales of commodities give short weight or measure,

wholly disconnected with the use of inaccurate scales or measures, it is void as beyond the charter power of the city; that subdivision 26, section 5, chapter 4 of the charter authorizing the city to provide by ordinance a standard of weights and measures, to require all weights and measures to conform to the standard adopted, and to punish a violation of regulations imposed, does not authorize an ordinance punishing sales by short weight. We do not pass upon this question, though it is not without merit, for we are clear that under any view of the ordinance an offense is neither charged in the complaint nor established by the evidence.

The provisions of the ordinance clearly make criminal intent an element of the offense. This is shown by the express language that one who *knowingly* sells at short weight shall be punished. To sell at short weight is an imposition and a fraud, and was a crime at common law, is the offense defined by this ordinance, and knowledge that the weight or measure given was incorrect is an essential ingredient thereof. 40 Cyc. 886, and authorities cited. See also State v. People's Ice Co. 124 Minn. 307, 144 N. W. 962. In that case Judge Taylor, speaking for the court, said:

"The prior law provided that every person who shall injure or defraud another * * * by knowingly delivering less than the quantity he represents shall be guilty of a misdemeanor. R. L. 1905, § 5115. Under that act, knowledge and intent were ingredients of the offense. Changing the law so as to omit the element of knowledge indicates that the legislature intended to eliminate the question of intent as an element of the offense."

The complaint contains no such charge, nor did the state attempt to prove guilty knowledge on the part of defendant. And because of such allegations and proof it is contended that the complaint is fatally defective, the evidence deficient, entitling defendant to a reversal. We concur in that view of the case. Knowledge of the short weight being expressly made an element of the offense, the absence of allegation or proof thereof cannot be ignored or brushed aside as unimportant. State v. Small, 29 Minn. 216, 12 N. W. 703; State v. Heitsch, 29 Minn. 134, 12 N. W. 353; State v. MacDonald, 105 Minn. 251, 117 N. W. 482. It was necessary to allege the fact and to prove the same on the trial. Commonwealth v.

Ramsey, 68 S. W. 1098, 24 Ky. Law Rep. 492; O'Bannon v. Commonwealth, 15 Ky. Law Rep. 654; Zinns v. State, 13 Ind. App. 396, 41 N. E. 833; Verona Central Cheese Factory v. Murtaugh, 4 Lans. (N. Y.) 17; State v. Davis, 14 R. I. 281; State v. White, 96 Mo. App. 34, 69 S. W. 684; Commonwealth v. Boynton, 12 Cush. (66 Mass.) 499. Mere negligence in measuring or estimating the quantity sold or offered for sale is not sufficient. An intent to deceive, at least such intent as the law will imply from a showing of actual knowledge, must appear. State v. McBarron, 66 N. J. Law, 680, 51 Atl. 146; 24 Cyc. 806. The check or ticket which the truck driver delivered to the weighmaster, upon which was a memorandum indicating that the load contained four cubic yards of gravel, is not proof of knowledge of its falsity of a character to charge defendant with criminal liability.

But the state does not contend that the complaint charges knowledge on the part of defendant, or that any evidence to that effect was offered on the trial. The claim of the state, and herein rests its whole case, is that it was not necessary to allege or prove that fact. In support of that position reliance is had upon such cases as State v. Armour & Co. 118 Minn. 128, 136 N. W. 565; State v. Welch, 21 Minn. 22; State v. Sharp, 121 Minn. 381, 141 N. W. 526; and State v. Lundgren, 124 Minn. 162, 144 N. W. 752, Ann. Cas. 1915B, 377. Those cases are not in point. The decision in each was predicated upon a statute wholly different from the ordinance in question, and which did not, as does this ordinance, expressly make knowledge an essential element of the offense charged. And it was there held, under those statutes, that defendant was bound to know the truth or falsity of his act, and could not be heard to interpose the defense either of mistake or ignorance. Such is not this case. Here the ordinance makes knowledge an element of the offense, and the burden was upon the state to charge and prove it. It would not be fair to affirm the conviction upon a theory or ground not litigated below, and not insisted upon by the state in this court.

Order reversed.

HALLAM, J. (dissenting).

I dissent.

The complaint in this case charges that the defendant corporation "did

wilfully, unlawfully and wrongfully sell, dispose of and deliver * * * one automobile truck load of binder gravel, to the city of Minneapolis, * * * The said corporation * * * saying, representing, and pretending, to the said city of Minneapolis, that the said truck load of gravel * * * did contain four cubic yards of binder gravel, when in truth and in fact the said corporation, the Washed Sand & Gravel Company, then and there well knew that the said truck load of gravel * * * did then and there contain but two and one-quarter cubic yards of gravel and no more and the said truck load of gravel * * * did then and there contain but two and one-quarter cubic yards of gravel and no more."

It seems to me that this is a sufficient allegation that in the sale in question the defendant knowingly gave false weight.

The court found the defendant guilty. This involved a finding that the defendant did in this sale knowingly give false weight. In my judgment, the finding is sustained by the evidence. There is no direct evidence of such knowledge, but there is direct evidence to the effect that a load containing $2\frac{1}{4}$ cubic yards was delivered as four cubic yards. I think the court could infer from these facts that the defendant, whose business it was to handle and sell this commodity, knew the difference between a load of $2\frac{1}{4}$ cubic yards and one, nearly twice as large, of four cubic yards.

Counsel for the state contended that allegation and proof that defendant knew that it was giving short measure was not necessary to a conviction, but I do not understand that there is any concession in the case, that the allegation or proof of knowledge is not sufficient. Counsel for defendant certainly did not understand that there was any such concession in the case, for they argued the point at length in their brief.