## STATE v. WILLIAM RADKE.

February 8, 1918.

No. 20,539.

**Criminal law — illegal sale of liquor — evidence.**

1. The evidence sustains the verdict of guilty of unlawful sale of intoxicating liquor.

**Same — charge to jury.**

2. An instruction that defendant might be convicted on proof of commission of the offense charged at any time within three years was not prejudicial error, the evidence having been devoted wholly to proof of a particular offense on a particular day.

**Same — same.**

3. An instruction that it made no difference by what name the liquor was called so long as it was intoxicating was clearly proper.

**Same — sentence valid when only imprisonment.**

4. Where the statute requires both fine and imprisonment, defendant cannot complain of a sentence to imprisonment only.

Defendant was indicted by the grand jury for the crime of selling intoxicating liquor without a license, tried in the district court for Dakota county before Converse, J., and a jury which found him guilty as charged in the indictment. From a judgment sentencing him to imprisonment for 60 days in the county jail, defendant appealed. Affirmed.

*George H. Gerlich, Jr.,* for appellant.

*Lyndon A. Smith,* Attorney General, and *James E. Markham,* Assistant Attorney General, for respondent.

[1]Reported in 166 N. W. 346.

HALLAM, J.

Defendant was convicted of selling liquor without a license.

1. He claims the evidence was not sufficient to sustain a conviction. We think it was. Liquor in considerable quantity was found on his premises. Two witnesses swore to the commission of the particular offense charged. They were not men of high character but the truth of their testimony was for the jury to determine. They were corroborated by some undisputed facts. The verdict should not be disturbed on this ground.

2. The court charged the jury in substance that they might find the defendant guilty if he sold liquor to the parties named on March 30, 1917, the date charged in the indictment, "or at any other time within three years last past." The charge was too broad as to time, since defendant had been a duly licensed saloonkeeper within three years. The error could not in this case mislead the jury or prejudice the defendant. The evidence was all confined to a sale on March 30, 1917, a time when it was unlawful to sell, and the jury must have understood they must convict or acquit on this testimony.

3. The court charged the jury that it made no difference what the liquor sold was called, "whether it is called beer, malt, notox * * * the only question is, was it intoxicating liquor?" This was proper. Defendant claims that this instruction permitted a conviction for selling a malt drink that was not intoxicating. Clearly it did not.

4. The court sentenced the defendant to 60 days in the county jail. He complains of this because the statute requires punishment by both *fine and* imprisonment. G. S. 1913, § 3109. Defendant cannot escape the sentence imposed because of this piece of good fortune. He may apply to the court to correct the sentence. Should he do that, he will doubtless receive the sentence that the statute requires. There is no other remedy for such omissions. State v. Reed, 138 Minn. 465, 163 N. W. 984; State v. Mamer, supra, p. 265, 165 N. W. 345.

Judgment affirmed.