## STATE v. MARTIN OLSON[1]

November 15, 1918.

No. 20,989.

**Criminal law — sale of intoxicating liquor — verdict sustained.**
The verdict is sustained by the evidence.

Martin Olson and Henry Meyers were indicted by the grand jury for storing, keeping, and having in possession for sale intoxicating liquor, contrary to Laws 1915, c. 23, § 13, tried in the district court for Clay county before Roeser, J., and a jury, and convicted. From order denying his motion for a new trial Olson appealed. Affirmed.

*Garfield H. Rustad,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Christian G. Dosland,* County Attorney, for respondent.

PER CURIAM.

Martin Olson and one Meyers were convicted of storing, keeping and having in possession for sale intoxicating liquors in Scandia Hotel in Moorhead, contrary to the provision of chapter 23, p. 24, Laws 1915. Olson alone appeals and upon the sole ground that the verdict is contrary to the evidence.

It appears that on September 8, 1917, the building mentioned was raided under a search warrant, and two casks of beer, containing 72 quart bottles each, and other evidences of traffic in intoxicating beverages were obtained by the authorities. The main reliance of appellant for a reversal of the order denying him a new trial is the fact that on the date mentioned he was not at Moorhead, but, from the third to the twelfth of September, 1917, was all the time in Minneapolis, Minnesota. This, however, does not demonstrate that the conviction is without support, for the indictment charges a continuing offense from September 1 to November 15, 1917, and there is evidence that during the interval intoxicants were sold at the hotel by Meyers who assisted during appellant's absence in conducting the place; that appellant caused shipments of beer and whiskey to be made in the name of other parties to a station a few miles

[1]Reported in 169 N. W. 419.

from Moorhead; that he personally received these shipments, used them as he would his own property, and brought them to the hotel; that he made it a practice of permitting guests at the hotel to bring large quantities of liquor into their rooms; that a room therein was so arranged that it indicated its use as a drinking room, numerous empty bottles and removed beer caps being found scattered about. The jury might well conclude that Meyers was not a bona fide tenant of any part of the hotel, but assisted appellant, and that the evident traffic in beer and whiskey was under appellant's control. By his own admission he had sold liquor prior to May 24, 1917, in the hotel, and while he denied having sold any after that date there was evidence to the contrary. We think there is ample support for the verdict.

Order is affirmed.