STATE v. NATHAN BOLNICK AND ANOTHER.
NATHAN BOLNICK, APPELLANT.[1]

June 22, 1923.

No. 23,560.

**Conviction sustained.**

Conviction for having intoxicating liquor for sale sustained by evidence that defendant was filling pint bottles from a 5-gallon jug of liquor. [Reporter]

Defendant was charged in the municipal court of Minneapolis with having in his possession for sale a quantity of intoxicating liquor, tried before Nordbye, J., who, when the state rested and at the close of the testimony, denied defendant's motion to dismiss, found him guilty and sentenced him to 60 days. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Harold C. Bellew* and *Rex H. Burger,* for appellant.

*Clifford L. Hilton,* Attorney General, and *Neil M. Cronin,* County Attorney, for respondent.

PER CURIAM.

Defendant was proceeded against in the municipal court of the city of Minneapolis on a complaint charging that at a time and place stated he unlawfully and wrongfully had a quantity of intoxicating liquor in his possession for the purpose of sale, contrary to the prohibitions of an ordinance of the city. Defendant interposed a plea of not guilty, and on trial was found guilty. The sole question presented is whether the evidence justified the trial court in so finding.

It appears without contradiction that at the time and place charged in the complaint defendant, in an upstairs room, on premises occupied by him at the time, had a 5-gallon jug of intoxicating liquor in his possession, which he was then engaged by means of a siphon in transferring to pint and half pint bottles, having filled some 50 of each. Being detected in the work by officers who had him under suspicion, he was taken into custody and later formally charged with the offense. The facts stated are not in dispute. But it is contended that the evidence fails to show that defendant had possession of the liquor for the purpose of sale. Our examination of the record discloses ample evidence to sustain the findings of the trial court on that point. No question of former jeopardy arises in the record. It is probable that the notice of appeal is defective, though we do not

[1] Reported in 194 N. W. 318.

reach the point. An appeal cannot be taken from the "findings" of the trial court. Van Glahn v. Sommer, 11 Minn. 132 (203).

Judgment affirmed.