## STATE v. JOE HIPPS.[1]

June 20, 1924.

No. 24,102.

**Evidence insufficient to support conviction.**
> In a prosecution for the unlawful possession of intoxicating liquor for the purpose of sale, evidence held insufficient to support conviction.

Defendant was arrested and tried in the municipal court of Minneapolis before Charles L. Smith, Jr., and a jury which found him guilty on the charge of unlawfully having in his possession intoxicating liquor for sale. From an order denying his motion for a new trial, defendant appealed. Reversed and new trial granted.

*William M. Nash* and *Chester L. Nichols,* for appellant.

*Neil M. Cronin,* City Attorney, and *Luther W. Youngdahl,* Assistant City Attorney, for respondent.

PER CURIAM.

This is a prosecution in the municipal court of the city of Minneapolis on a complaint charging that at a time and place stated the defendant unlawfully had in his possession for sale a certain quan-

[1]Reported in 199 N. W. 749.

tity of intoxicating liquor contrary to the provisions of a city ordinance. Officers found the defendant in charge of a place known as an athletic club on the second floor of a building and which place was known as the headquarters of a baseball team. In this place was a bar where soft drinks, cigars and cigarettes were apparently sold. There were a few whiskey glasses and some glassware, and as the officers entered they claimed to have seen the accused carrying a jar, and there is evidence tending to show that this jar was thrown out of an open window and found broken on the ground. The evidence also shows that there was a liquid on the floor, on the window-sill and at the place on the ground where the jar was broken, having the odor of moonshine. The officers went up a stairway into a little coop on the top of the roof and there found some empty jugs and one which had about a half teaspoonful of liquid in it. This liquid was submitted to a chemist who found that it contained 3.6 per cent alcohol. Defendant denied all guilt. The defendant was convicted. His motion for amended findings was denied and he now appeals from an order denying a motion for a new trial. The motion for new trial involves several assignments of error including an assignment to the effect that the evidence was insufficient. Respondent contends that the evidence and circumstances are sufficient to establish the guilt of the accused. From our examination of the record we are of the opinion that the evidence justifies the conclusion that there was liquor upon the premises in question and that it was in the possession of the accused, but we are of the opinion that the evidence is insufficient to justify the conclusion that such liquor was in the defendant's possession for the purpose of sale. Such purpose of course can be proved by circumstantial evidence. Joyce, Intox. Liquor, § 682, p. 725; 2 Woollen & Thornton, Intox. Liquors, § 953; Commonwealth v. Lynch, 164 Mass. 541; State v. Bolnick, 156 Minn. 498, 194 N. W. 318; State v. Rasmusson, 158 Minn. 250, 197 N. W. 214; State v. McGlynn, 34 N. H. 422. However, we are impressed with the legal insufficiency of the evidence in this case.

A new trial is granted.