CITY OF DULUTH v. HARRY SIDEN.[1]

October 15, 1926.

No. 25,514.

**Complaint need not negative exceptions in ordinance violated.**
1. In a complaint under Ordinance No. 2186 of the city of Duluth prohibiting the having in possession, for sale or transportation, intoxicating liquor, it is not necessary to negative the exceptions in the ordinance or allege that the liquor was potable.

**Rulings on evidence not prejudicial.**
2. There was no reversible error in the rulings upon the admissibility of evidence.

**Evidence enough to warrant inference of intent to sell.**
3. Evidence *held* sufficient to warrant an inference that the accused had the liquor in his possession with intent to sell.

**Ordinance, as construed, valid.**
4. The ordinance, when read and construed as though there was a comma after the word "order" in section 2, is valid.

**Conviction sustained.**
5. Evidence examined and *held* sufficient to justify conviction for the offense charged.

[1]Reported in 210 N. W. 394.

Intoxicating Liquors 33 C. J. p. 524 n. 17; p. 722 n. 57; p. 729 n. 33 New; p. 762 n. 57, 58; p. 774 n. 14.
Municipal Corporations 28 Cyc. p. 388 n. 3.

See note in 39 L. R. A. (N. S.) 534; 15 R. C. L. 399.

Defendant was convicted in the municipal court of Duluth, Funck, J., of having in his possession for sale a quantity of intoxicating liquor. He appealed to the district court from an order denying his motion for a new trial. The order was affirmed by Fesler, Magney, Grannis and Kenny, JJ. This appeal is from the order affirming the order of the municipal court. Affirmed.

*A. Feldman,* for appellant.

*John B. Richards* and *Roderick Dunn,* for respondent.

QUINN, J.

Defendant was arrested, tried in the municipal court of the city of Duluth, and convicted of having in his possession, for sale, a certain quantity of intoxicating liquor, and was sentenced to the county work farm for the term of 85 days. From an order denying his motion for a new trial, he appealed to the district court where the order of the municipal court was affirmed. This appeal followed.

It is here urged: (1) That it was error to deny defendant's motion for an order dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action; (2) for errors in the rulings upon the admissibility of evidence; (3) that the ordinance under which this prosecution was brought is unconstitutional, indefinite and void; (4) that the conviction is not justified by the evidence.

It is charged in the complaint that, at the time and place in question, Harry Siden then and there being did wrongfully, unlawfully and wilfully have in his possession intoxicating liquors, to-wit, about three-quarters of a pint of said liquor, for the evident and unlawful purpose of then and there selling, furnishing and giving away said liquor to one John Doe and other persons whose true names are to complainant unknown, etc.

The ordinance under which the complaint is drawn provides, among other things, as follows:

"Sec. 2. The manufacture, sale or transportation or keeping or having in possession for sale or transportation of, or the taking, receiving or soliciting of any order for intoxicating liquor of any kind in any quantity whatever is prohibited within the City of Duluth, and it shall be unlawful to have or possess any property, matter, substance or thing designed or intended for use in violation of any part of this ordinance."

The charge in the complaint is that defendant did then and there wrongfully, unlawfully and wilfully have, in his possession, three-fourths of a pint of intoxicating liquor for the unlawful purpose of selling the same. The words "having in possession for sale * * * intoxicating liquor of any kind in any quantity whatever is prohibited within the City of Duluth," define the offense and sufficiently inform the accused with what he is charged. State v. Miller, 166 Minn. 116, 207 N. W. 19.

Appellant urges that the words "intoxicating liquor," being a generic term, are not sufficient to charge a violation of the ordinance without particularizing as to the kind and character of liquor and further that the complaint does not negative the exceptions in the ordinance. In these regards we think the complaint sufficient. State v. McGinnis, 30 Minn. 52, 14 N. W. 258; State v. Feldman, 80 Minn. 314, 83 N. W. 182; State v. Radke, 139 Minn. 276, 166 N. W. 346; State v. Nordstrom, 146 Minn. 136, 178 N. W. 164; State v. McLean, 157 Minn. 359, 196 N. W. 278; State v. Brown, 151 Minn. 340, 186 N. W. 946.

· We find no reversible error in the rulings upon the admissibility of evidence. The proofs are ample to show that the defendant had liquor in his possession and that it was intoxicating. When the officers entered appellant's place of business, they found him with a bottle and a whiskey glass in his hands. He was in the act of pouring liquor from the bottle into the glass. Two men, not connected with the place, were in the store, one of whom the officers testified had been drinking. When the officers entered the building,

defendant threw the liquor in the glass onto the floor and poured the contents of the bottle into a pasteboard box which was on the floor back of the counter, and then attempted to conceal the bottle. He made no satisfactory explanation of the situation in which he was caught. We think the court was justified in the inference of criminal intent under the proofs. State v. Rasmusson, 158 Minn. 250, 197 N. W. 214; State v. Bolnick, 156 Minn. 498, 194 N. W. 318. In the absence of a statutory declaration on the subject, it is generally held that possession of liquor, by one not authorized to keep it, warrants the inference that it is kept with intent to make illegal sales, especially where it is kept in prohibition territory. Bepley v. State, 4 Ind. 264, 58 Am. Dec. 628; State v. Intoxicating Liquors, 106 Me. 138, 76 Atl. 265, 29 L. R. A. (N. S.) 745, 20 Ann. Cas. 668; note, 39 L. R. A. (N. S.) 534.

We find no merit in the contention that the ordinance under which this prosecution was brought is invalid. We read and construe section 2 thereof as though there was a comma after the word "order" and, as so read, we find no difficulty with its legality.

We are of the opinion that the order appealed from should be and it is affirmed.

Affirmed.