## STATE v. PETER KEEFE.[1]

April 11, 1930.

No. 28,004.

*McVeety & Hunt,* for appellant.

*Henry N. Benson,* Attorney General, and *Richard Manahan,* County Attorney, for the state.

WILSON, C. J.

Defendant, a real estate man, lived at a hotel in Rochester. Local police officers, having a search warrant, entered his room while he was in bed and made a search for intoxicating liquor. They found none. At the request of the officers defendant went with them to a near-by garage wherein he kept his car. The officers found in the car three one-gallon containers full of alcohol. Defendant denied his ownership thereof. This was early Monday morning. Defendant then claimed and testified in his trial that on the preceding Saturday he loaned the car to one Ben Smith, who took the car from and returned it to the garage; and that Smith had told him that he, Smith, had found the alcohol where someone had hidden it. An employe at the garage testified that a man other than the defendant had taken the car and used it on

[1]Reported in 230 N. W. 257.

Saturday and that the car had not been used since. This witness claimed that he did not know the man but that he had seen him before.

The jury were at liberty to reject defendant's version as to the existence of Ben Smith and his alleged activity and possibly the testimony of the garage employe. But if so, what have we? Defendant was in possession of the alcohol, but the record does not disclose any of the usual concomitants incidental to sales or intended sales. There is no evidence of defendant's intention or purpose. The quantity and character and conditions of the containers will not permit an inference that defendant had possession for sale. The purpose is an element of the crime charged and must be proved beyond a reasonable doubt. It of course may be proved by circumstantial evidence. Our judgment is that the evidence, in relation to the purpose of the possession, is legally insufficient. State v. Hipps, 160 Minn. 67, 199 N. W. 749.

Reversed.