## STATE v. NATE SAPORIN, ALIAS SAM GOLDBERG.[1]

April 10, 1931.

No. 28,397.

*A. S. Dowdall, Jr.* for appellant.

*Neil M. Cronin,* City Attorney, and *Palmer B. Rasmusson,* Assistant City Attorney, for the state.

HILTON, J.

Defendant (whose true name is Nate Saporin) was found guilty of having intoxicating liquor in his possession for sale in violation of an ordinance of the city of Minneapolis. He was sentenced to 90 days in the workhouse and appeals from the judgment of conviction. It is assigned as error that the judgment is contrary to and not supported by the evidence and is contrary to law.

The wife of defendant was the owner of a two-story brick building in Minneapolis, the lower floor of which was used as a delicatessen store owned and operated for three years as such by defendant. On the second floor there were four apartments, two on each side of a hall running through the center of the building. One of these furnished apartments, in which at all times part of their clothes were kept, was occupied by defendant and his wife. Defendant claimed at the trial that they had been living at a summer home near Lake Minnetonka for five months preceding September 1, 1930, on the evening of which day at about 11:15 Mrs. Saporin

[1]Reported in 236 N. W. 309.

was in bed in the apartment and defendant was in front of the building.

Defendant was accosted by police officers and informed that a complaint had been made against the place. At their request defendant conducted them to the apartment, the door of which was locked. He called to his wife, who arose and opened the door for them. On the floor of the kitchen of that apartment the officers found 11 one-gallon bottles of moonshine whisky, one basket of assorted corks, 31 empty one-gallon bottles, one bottle of coloring for moonshine whisky, one hydrometer, two empty one-half gallon bottles, and a siphon (piece of hose). Five funnels were also found in a sideboard in the kitchen. The officers took the property away and arrested defendant. The record discloses that the foregoing was the evidence of five police officers who were present.

This evidence was not disputed except that William Smith, who for five months had been the janitor of the building (hired by defendant) stated that the empty bottles, corks, hydrometer and siphon were in the kitchen of another apartment occupied by him. At the trial defendant, who at first denied that he had ever been convicted of violating the intoxicating liquor laws and afterwards admitted it, disclaimed ownership of and any knowledge relative to the property that was found in the kitchen. His wife did not testify.

Smith, who had previously been convicted of violating the intoxicating liquor laws, testified that the night the officers came he had given a person (whom he did not know) permission to store the above described property in the apartment. He further testified that the person told him that he had stolen the property. Although Smith was the regular janitor of the building, he stated that he had not seen defendant for over five months, and defendant testified that he had not visited the premises for over three months.

The evidence at the close of the state's case sufficiently proved defendant's guilt. It could be proved by circumstantial evidence. Defendant did not deny ownership or make any affirmation of innocence on the night in question. The presumption maintained that the property afterwards seized was there with his knowledge.

State v. Bolnick, 156 Minn. 498, 194 N. W. 318; State v. Rasmusson, 158 Minn. 250, 197 N. W. 214. See also People v. Burbank, 234 Mich. 600, 208 N. W. 687.

Under the ordinance the state made out a prima facie case, but defendant claims that it was overcome by evidence on his behalf. That claim is untenable. The testimony for defendant was so improbable and unbelievable that it would not justify, much less require, the court (the trier of fact) to find defendant not guilty. The conviction was proper.

Affirmed.