## STATE v. OSCAR TREMONT.[1]

December 24, 1931.

No. 28,722.

*Mead & Bryngelson* and *Moses Winthrop,* for appellant.

*Neil M. Cronin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the state.

STONE, J.

Defendant appeals from a judgment convicting him of maintaining a liquor nuisance contrary to an ordinance of the city of Minneapolis. Having come to the conclusion that the complaint fails to charge defendant with any offense under the ordinance in question, we do not discuss the evidence.

The ordinance involved is one approved December 1, 1921 (Minneapolis City Charter & Ordinances, 1872–1925, pp. 786–789). The nuisance penalized is defined in § 1 to "include the premises and every place where liquor in any quantity is manufactured, or commonly sold, or kept or had for sale, or where any order therefor is commonly taken, received or solicited contrary to the provisions of this ordinance or of the constitution or law of this state or of the United States." The complaint in this case charges that defendant

[1]Reported in 240 N. W. 118.

"kept and maintained a certain quantity of intoxicating liquor * * * together with a number of vessels, jugs, containers and other receptacles used and commonly used in connection with the handling of intoxicating liquor for unlawful purposes." There is no accusation that the liquor or any of it was "kept or had for sale," or that, whatever else defendant was doing, he was engaged in or using the premises and appliances in question for the manufacture or sale or transportation of intoxicating liquor in violation of the ordinance or any other law. The ordinance does not condemn the mere possession of intoxicating liquor and/or appliances for handling it.

In a criminal complaint under an ordinance all essential elements of the offense must be charged. 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 6804. For example, when knowledge of "short weight" is an element of the offense, a complaint is deficient which does not charge such knowledge. The omission to charge such an essential of the supposed offense "cannot be ignored or brushed aside as unimportant." State v. Washed S. & G. Co. 136 Minn. 361, 363, 162 N. W. 451, 452, L. R. A. 1917D, 1127. The purpose to manufacture and/or sell is an essential of the nuisance of maintaining of which defendant was convicted. But he was not accused of any such purpose. So we conclude that the complaint failed to charge defendant with any offense. In consequence the judgment must be reversed.

So ordered.

HOLT, J. (dissenting).

I dissent. Defendant went to trial without objecting to the sufficiency of the complaint. Technical accuracy is not required in criminal complaints in municipal courts. State v. Olson, 115 Minn. 153, 131 N. W. 1084. The evidence shows that the liquor was being prepared for sale in violation of the ordinance. The finding of such a quantity of liquor on the premises owned by defendant furnished evidence from which the trial court could infer guilt.