## STATE v. ANNA SCHEID.[1]

March 11, 1932.

No. 28,885.

[1]Reported in 241 N. W. 572.

*A. M. Gunn,* for appellant.

*Neil M. Cronin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the state.

DIBELL, J.

The defendant was convicted of having in her possession intoxicating liquors for purpose of sale in violation of the city ordinance of Minneapolis. Minneapolis City Charter & Ordinances, 1872–1925, pp. 786–787; 47 Council Proceedings, 424–426. She appeals from the judgment.

■ The ordinance makes it an offense to "have in possession for sale or transportation" intoxicating liquor. The tab charge in the municipal court alleged that the defendant had intoxicating liquor "for sale." It was an essential to a crime that the defendant have possession for sale. State v. Tremont, 185 Minn. 101, 240 N. W. 118.

■ The defendant kept a hotel on the second and third floors of a building on Hennepin avenue in Minneapolis. She had an apartment on the second floor. Two officers went to her place for purposes of search. She went to her bedroom, got a key, unlocked a room across the hall, and indicated that the liquor was in a basket to which she pointed. In it were found four one-half pints of moon, six one-half pints of alcohol, three quarts of moon in a glass jar, and a gallon jar nearly full.

The defendant's story is that she had had two roomers in a room on the third floor; that one of them, as she understood it, had been convicted of some offense and sentenced; that they vacated the room the day before; that the janitor, when cleaning up the room preparing it for rerenting, found the liquor; that she had it brought down and put it in a bedroom across the hall; that the liquor did not belong to her; and that she did not intend selling it. One of the officers testified to a conversation with her at the time and that she said "she didn't want to be locked up on the charge. She

wanted to clean up her spot and promised never to do it again and this, that, and the other."

We have always held that something more than possession is necessary to sustain a conviction of possession with intent to sell. There must be some accompanying act or fact, and they may be varied in nature and circumstantial in character, tending to show that a sale was to attend the possession. State v. Olson, 141 Minn. 82, 169 N. W. 419; State v. Bolnick, 156 Minn. 498, 194 N. W. 318; State v. Rasmusson, 158 Minn. 250, 197 N. W. 214; and City of. Duluth v. Siden, 168 Minn. 467, 210 N. W. 394. Where only possession is shown without facts directly or inferentially pointing to an intended sale, the crime of having in possession for sale is not shown. State v. Hipps, 160 Minn. 67, 199 N. W. 749; State v. Keefe, 180 Minn. 124, 230 N. W. 257; and State v. Saporin, 183 Minn. 216, 236 N. W. 309.

We do not find evidence justifying an inference of intent to sell. That officers had been at the defendant's place before in unsuccessful attempts to find liquor does not help the state. The defendant had never been convicted nor, so far as appears, charged. Her conversation with one of the officers, noted above, is not of definite significance.

Judgment reversed.